# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| THE J.M. SMUCKER COMPANY, | |
| Plaintiff, | |
| -against- | Civil Case No.: 5:11-cv-1544 |
| ANDROS FOODS USA, INC. and ANDROS GROUP, | Judge: John R. Adams |
| Defendants. | |

**MEMORANDUM OF LAW OF DEFENDANT ANDROS FOODS USA, INC. IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT**

Dated: September 21, 2011

BRICKER & ECKLER LLP
100 South Third Street
Columbus, Ohio 43215-4219
(614) 227-2343

ABELMAN, FRAYNE & SCHWAB
(*pro hac admission pending*)
666 Third Avenue
New York, New York 10017
(212) 949-9022

*Attorneys for Defendant Andros Foods USA, Inc.*

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................................1

STATEMENT OF FACTS ................................................................................................................2

      A.      Procedural History ..................................................................................................2

      B.      Facts Pertinent to the This Motion .........................................................................3

ARGUMENT ....................................................................................................................................5

I.      THE COMPLAINT SHOULD BE DISMISSED
UNDER FED. R. CIV. P. 12(b)(2). .....................................................................................5

      A.      Personal Jurisdiction of Andros Foods Is Lacking Under Ohio's
Long-Arm Statute, Section 2307.382. ...................................................................6

            1.      Andros Foods Has Not Transacted Business in Ohio...................................7

            2.      Andros Foods Has Not Contracted to Sell Services
or Goods in Ohio...........................................................................................8

            3.      Andros Foods Has Not Caused Tortious Injury by an Act
or Omission in Ohio......................................................................................9

            4.      Andros Foods Has Not Caused Tortious Injury in Ohio
by an Act or Omission Outside the State....................................................10

      B.      Andros Foods Lacks Minimum Contacts with the State of Ohio .............................10

II.     THE COMPLAINT SHOULD BE DISMISSED
UNDER FED. R. CIV. P. 12(b)(6). ...................................................................................13

CONCLUSION................................................................................................................................15

i

**TABLE OF AUTHORITIES**

Cases

*Adams Golf, Inc. v. Anthony J. Antonious Irrevocable Trust,*
    2010 WL 2382596 (S.D. Ohio June 11, 2010) .................................................................. *passim*

*ATC Lighting and Plastics, Inc. v. Harley-Davidson Motor Company, Inc.,*
    2010 WL 4510910 (N.D. Ohio Nov. 1, 2010) ................................................................. 5, 6, 13

*Big Lots Stores, Inc. v. Sorensen Research and Development Trust*,
    2009 WL 4547599 (S.D. Ohio Dec. 2, 2009) ....................................................................... 5, 11

*Genetic Implant Systems, Inc. v. Core-Vent Corp.,*
    123 F.3d 1455 (Fed. Cir. 1997)................................................................................................. 11

*Highway Commercial Services, Inc. v. Zitis,*
    2008 WL 1809117 (S.D. Ohio Apr. 21, 2008) ........................................................................ 14

*Hildebrand v. Steck Mfg. Co., Inc.,*
    279 F.3d 1351 (Fed. Cir. 2002)................................................................................................... 7

*Hitachi Medical Systems America, Inc. v. St. Louis Gynecology & Oncology, LLC,*
    2011 WL 711568 (N.D. Ohio Feb. 22, 2011) ............................................................. 6, 8, 11, 14

*Kroger Co. v. Malease Foods Corp.,*
    437 F.3d 506 (6th Cir. 2006) ................................................................................................. 5, 8

*Moro Aircraft Leasing, Inc. v. Keith,*
    2011 WL 2262923 (N.D. Ohio June 9, 2011)................................................................. 8, 9, 13

*Shook, Inc. Heavy & Environmental Div. v. City of Moundsville Water Board,*
    2010 WL 761947 (S.D. Ohio Mar. 2, 2010)......................................................................... 6, 12

*Theunissen v. Matthews,*
    935 F.2d 1454 (6th Cir.1991) .................................................................................................... 6

*Tradesmen Group, Inc. v. Cecil,*
    2010 WL 1957689 (S.D. Ohio May 14, 2010) ........................................................................ 11

*Verulux, LTC. v. Johnston,*
    2010 WL 1795888 (N.D. Ohio May 5, 2010).......................................................... 6, 8, 11, 12

*WashPro Express, LLC v. VERwater Envtl., LLC,*
    2007 WL 641425 (12th Dist. Mar. 5, 2007) ............................................................................ 14

Statutes and other Authorities

Federal Rule of Civil Procedure 12 .................................................................................... 1, 5, 13

Ohio Revised Code § 2307.382 ............................................................................................. *passim*

Defendant Andros Foods USA, Inc. ("Andros Foods") respectfully submits this memorandum in support of its motion to dismiss the First Amended Complaint in this action under Federal Rule of Civil Procedure 12(b)(2) and 12(b)(6). Andros Foods does not have sufficient minimum contacts with the State of Ohio to make the assertion of personal jurisdiction over it permissible in this Court, and Andros Foods is not the owner of the trade dress rights or a party to the contract at issue in this action, and thus is not an appropriate defendant in this action.

## PRELIMINARY STATEMENT

This declaratory judgment action arises from the common use of a gingham design trademark in connection with the sale of preserves and jellies by plaintiff The J.M. Smucker Company ("Smucker") and Andros Foods' affiliate, Andros S.N.C. Smucker and Andros S.N.C.'s predecessor contracted for the common use of the gingham design mark in a February 16, 1984 Agreement (the "Agreement"). The parties' products co-existed in the market without conflict for nearly thirty years, until Smucker introduced its Orchard's Finest preserves in a trade dress that is confusingly similar to Andros S.N.C.'s Bonne Maman® brand of preserves and jellies. Andros Foods' counsel, on behalf of Andros S.N.C., wrote to Smucker to object to Smucker's use of the confusingly similar trade dress on the Smucker Orchard's Finest products. After further correspondence between counsel and without any notice to Andros Foods, Smucker commenced this anticipatory declaratory judgment action on July 26, 2011, naming Andros Foods as the only defendant. Two days later, Smucker filed its First Amended Complaint to join the non-existent "Andros Group" as a defendant.[1]

---

[1] Smucker only purported to serve "Andros Group" on September 19, 2011. On August 4, 2011, before they were aware that "Andros Group" had been joined as a party to this action, Andros Foods' parent company, Andros et Cie S.A.S., and the affiliate that actually manufactures and sells the Bonne Maman brand preserves and jellies, Andros S.N.C., filed an action against Smucker in the United States District Court for the Southern District of New York (the "New York Action"). Smucker moved to dismiss or stay the New York Action, contending that its anticipatory declaratory judgment action here has precedence under the first-filed rule. Andros et Cie voluntarily discontinued its participation in the New York Action, and on September 19, 2011, Andros S.N.C. opposed Smucker's motion to

1

Smucker seeks to assert claims for declaratory relief against Andros Foods in this District even though, as explained below, Andros Foods has had only the barest contacts with the State of Ohio.  In addition, Andros Foods is not a party to the 1984 Agreement and does not own the trade dress that underlie Smucker's claims for declaratory relief here.  In short, Andros Foods is not a proper defendant here, and Smucker's claims for declaratory relief should be dismissed.

## STATEMENT OF FACTS

**A.     Procedural History**

Smucker, in the First Amended Complaint, asserts "a declaratory judgment that: (1) its use of the trade dress for its Smucker's Orchard's Finest preserves does not infringe any rights of Defendants and (2) the license agreement between The J.M. Smucker Company and S. A. Andros dated February 16, 1984 is valid and enforceable and that no provisions of that agreement jeopardize the valuable intellectual property belonging to The J.M. Smucker Company."  (First Amended Complaint (ECF Doc. No. 4) ¶ 1)  Smucker does not allege that Andros Foods is a party to the license agreement between it and S.A. Andros.  Instead, Smucker alleges that "Andros Group" "is the successor in interest and assignee to S.A. Andros and is the assignee of all the legal rights and interest of S.A. Andros under a license agreement between Smucker and S.A. Andros . . . dated February 16, 1984."  (First Amended Complaint ¶ 6)[2]

Smucker premises personal jurisdiction over Andros Foods on the grounds that it "transact[s] business within the State of Ohio and this District," it "suppl[ies] goods sold in the State of Ohio and this District," it has "committed the tortious acts specified herein within the

---

dismiss.  A copy of the complaint in the New York Action is attached as Exhibit A to the Declaration of Jeffrey A. Schwab dated September 21, 2011 ("Schwab Decl.").

[2] Smucker alleges that Andros Foods "is a sublicensee to [the] license agreement."  (First Amended Complaint ¶ 7)  There is no written license or sublicense agreement between Andros Foods and Andros S.N.C., the successor to S.A. Andros for the license agreement with Smucker.  (*See* the Declaration of Eric Duchene dated September 20, 2011 ¶ 4 attached to Schwab Decl. as Exhibit B)

2

State of Ohio and this District, and/or" it has "committed tortious acts without the State of Ohio causing injury to persons or property within the State of Ohio and this District and either regularly do or solicit business, engage in other persistent course of conduct, or derive substantial revenue from goods used or consumed or services rendered in the State of Ohio and this District."  (First Amended Complaint ¶ 9)  Smucker does not identify any allegedly tortious conduct in which Andros Foods has supposedly engaged, nor does Smucker contend that it has suffered any damages as a result of Andros Foods' alleged conduct such as any lost sales or diminished marketing activity for its Orchard's Finest preserves.  On the contrary, Smucker specifically alleges that it "continues to manufacture and distribute Smucker's Orchard's Finest Preserves," and "the many products it markets and sells in connection with its Gingham Mark."  (First Amended Complaint ¶¶ 47, 58)

B.  **Facts Pertinent to the This Motion**

Andros Foods is involved in the promotion in the U.S. of the Bonne Maman® brand of preserves and jellies manufactured and packaged by Andros S.N.C.  (Schwab Decl. Exh. B ¶ 2)  Andros Foods does not import into the U.S. nor distribute in the U.S. Bonne Maman preserves and jellies.  (*Id.*)  Andros Foods does not own any trademarks or trade dress in the U.S.  The U.S. trademarks and trade dress for products manufactured and packaged by Andros S.N.C. for distribution in the U.S. are owned by Andros S.N.C.  (*Id.* ¶ 3)

Andros Foods is not a signatory nor party to the February 16, 1984 Agreement between The J.M. Smucker Company and Andros S.N.C. as successor to S.A. Andros.  (*Id.* ¶ 4)  There is no written license  between Andros Foods and Andros S.N.C. concerning the 1984 Agreement.  (*Id.*)

3

Andros Foods was incorporated in Delaware on December 6, 2004, and maintains its principal place of business at 500 Mamaroneck Avenue, Harrison, New York, 10528.  (*Id.* ¶ 5)  Andros Foods does not have any offices or employees in the State of Ohio, is not licensed to do business in the State of Ohio, and does not have a registered agent for service of process within the State of Ohio.  (*Id.* ¶ 6)  Andros Foods has never paid any taxes in the State of Ohio nor engaged in activities that would give rise to any tax liability.  (*Id.* ¶ 7)

Andros Foods does not own, lease or rent any real property in the State of Ohio.  (*Id.* ¶ 8)  Andros Foods does not maintain any addresses or telephone numbers in the State of Ohio.  (*Id.* ¶ 9)  Andros Foods has no assets, property or bank accounts in the State of Ohio.  (*Id.* ¶ 10)  Andros Foods does not have any contracts for the delivery of any goods or services in the State of Ohio, nor for the transaction of any other business there.  Andros Foods has not directly transacted any business within the State of Ohio.  Andros Foods has not directly derived any revenue from goods used or consumed or services rendered in the State of Ohio.  (*Id.* ¶ 11)

Andros Foods is listed as the contact for "general company or product questions and information" at the website at www.bonnemaman.us.  The domain name is owned by Andros S.N.C.  This website is maintained solely for informational purposes, and does not specifically direct any advertising or marketing toward Ohio residents.  The www.bonnemaman.us website does have a link to "Purchase Online," but when a user clicks on the link, he or she is serviced by a third-party servicer, and Andros Foods is not involved in or aware at the time of any transaction that might occur after a user clicks on the "Purchase Online" link on the www.bonnemaman.us website. (*Id.* ¶ 12)

Andros Foods' only direct contacts with the State of Ohio consist of scattered visits for a sales review.  As part of its promotional efforts for Bonne Maman brand preserves and jellies in

4

the U.S., Andros Foods' employees have from time to time accompanied a representative of Andros S.N.C.'s independent distributor to a sales review with a customer located in State of Ohio. A review of Andros Foods' records shows that there have been a total of three such visits in the last three years. None of these visits resulted in a contract for or the direct sales of any goods or services in the State of Ohio. (*Id.* ¶ 13)

In short, Andros Foods has only the most attenuated contacts with the State of Ohio. As shown below, neither the Ohio long-arm statute nor the Due Process Clause of the Constitution permits the assertion of personal jurisdiction over Andros Foods here.

## ARGUMENT

**I.    THE COMPLAINT SHOULD BE DISMISSED UNDER FED. R. CIV. P. 12(b)(2).**

Where, as here, subject matter jurisdiction is based upon a federal question, personal jurisdiction will be found if the defendant is amenable to service of process under the forum state's long-arm statute, and if the assertion of jurisdiction comports with federal Due Process. *Adams Golf, Inc. v. Anthony J. Antonious Irrevocable Trust*, 2010 WL 2382596, *2 (S.D. Ohio June 11, 2010) (citation omitted). "While some states' long-arm statutes extend personal jurisdiction to the fullest extent of the Due Process Clause, Ohio's does not." *Id.*; *see also Kroger Co. v. Malease Foods Corp.* 437 F.3d 506, 513 (6th Cir. 2006). So "Plaintiff must show that Defendant is amenable to suit under Ohio's long arm statute and that Defendant's activities in the State of Ohio satisfy the minimum contacts requirement of the Due Process Clause." *Big Lots Stores, Inc. v. Sorensen Research and Development Trust*, 2009 WL 4547599, * 2 (S.D. Ohio Dec. 2, 2009). "If the Ohio long-arm statute does not provide a basis for the exercise over the nonresident defendant, jurisdiction is unavailable even if the exercise of such would not violate due process." *ATC Lighting and Plastics, Inc. v. Harley-Davidson Motor Company, Inc.*, 2010 WL 4510910, *4 (N.D. Ohio Nov. 1, 2010).

The plaintiff bears the burden of establishing that the Court may exercise personal jurisdiction over the defendant. *Shook, Inc. Heavy & Environmental Div. v. City of Moundsville Water Board*, 2010 WL 761947, *2 (S.D. Ohio Mar. 2, 2010); *see also ATC Lighting and Plastics, Inc.*, 2010 WL 4510910 at *4. "Where the defendant files a properly supported motion to dismiss for lack of personal jurisdiction, "'the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction.'" *Verulux, LTC. v. Johnston*, 2010 WL 1795888 *1 (N.D. Ohio May 5, 2010) (quoting *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir.1991)); *Hitachi Medical Systems America, Inc. v. St. Louis Gynecology & Oncology, LLC*, 2011 WL 711568, *2 (N.D. Ohio Feb. 22, 2011). "'Although the Court considers the pleadings in a light most favorable to Plaintiff, Plaintiff must still set forth specific facts demonstrating that the Court has jurisdiction.'" *Adams Golf, Inc.*, 2010 WL 2382596 at *1 (citation omitted). "Dismissal is proper where the plaintiff's factual allegations taken together fail to establish a *prima facie* case for personal jurisdiction." *Hitachi Medical Systems America, Inc.*, 2011 WL 711568, at *2.

### A. Personal Jurisdiction of Andros Foods Is Lacking Under Ohio's Long-Arm Statute, Section 2307.382.

Under O.R.C. § 2307.382(A), a "court may exercise jurisdiction over a person who acts directly or by an agent, as to a cause of action arising" from any of nine enumerated types of conduct. To emphasize that the cause of action must arise from the enumerated acts, § 2307.382(C) specifically provides that when "jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him." Indeed, the "Sixth Circuit interpreted case law from the Supreme Court of Ohio, and determined the use of 'arising from' in Section 2307.382 requires a 'proximate cause'

6

relationship between the claim and the defendant's conduct." *Adams Golf, Inc.*, 2010 WL 2382596 at *3 (citation omitted).

Smucker apparently seeks to premise jurisdiction over Andros Foods under four enumerated acts, *i.e.*, that Andros Foods has: (1) transacted business in Ohio, § 2307.382(A)(1); (2) contracted to supply services or goods in Ohio, § 2307.382(a)(2);[3] (3) caused tortious injury by an act or omission in this state, § 2307.382(A)(3); or (4) caused tortious injury in Ohio by an act or omission outside the state and regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in Ohio, § 2307.382(A)(4). (First Amended Complaint ¶ 9) As shown below, none of these enumerated acts are applicable here.[4]

### 1. Andros Foods Has Not Transacted Business in Ohio.

Smucker does not identify any business that Andros Foods transacted in Ohio, nor does it try to explain how its declaratory judgment claims against Andros Foods arise from any such supposed transaction of business. Smucker merely suggests that this unidentified transaction of business might give rise to personal jurisdiction over Andros Foods. (First Amended Complaint ¶ 9) Smucker's conclusory assertion of the Andros Foods' transaction of business in Ohio does not carry its burden of establishing jurisdiction here.

Although the term "transacting any business" is to be broadly construed, it is not entirely open ended, and does not reach all business contact with Ohio. For example, contacting an Ohio resident in order to seek to enforce an agreement does not amount to transacting business in

---

[3] Smucker does not allege that Andros Foods has contracted to supply services or goods in Ohio, merely that it has supplied goods and services in Ohio. (First Amended Complaint ¶ 9)

[4] Just as sending a cease and desist letter is insufficient to establish sufficient minimum contacts under the Due Process Clause (*see* 11-12 below), merely sending cease and desist letters are insufficient to support personal jurisdiction under any prong of the Ohio long-arm statute. *Hildebrand v. Steck Mfg. Co., Inc.*, 279 F.3d 1351 (Fed. Cir. 2002).

7

Ohio. *Verulux, LTC,* 2010 WL 1795888 at *4. Likewise, a "non-resident's mere solicitation of business in Ohio does not suffice for purposes of Ohio's long-arm statute." *Moro Aircraft Leasing, Inc. v. Keith*, 2011 WL 2262923, *4 (N.D. Ohio June 9, 2011). And under "Ohio law, 'the mere existence of a contract involving a forum resident does not confer personal jurisdiction.'"[5] *Hitachi Medical Systems America, Inc.*, 2011 WL 711568 at *5 (citation omitted). So too, as "a general rule, the use of interstate lines of communication such as mail and telephones does not automatically subject a defendant to the jurisdiction of the courts in the forum state." (*Id.*)

Andros Foods' overall contacts with Ohio are, at best, circumscribed. (*See* 4-5 above) Smucker has not identified any business in Ohio that Andros Foods has allegedly transacted. Moreover, Andros Foods does not own the trade dress at issue here, nor is it a party to the 1984 Agreement. (*See* 3 above) Smucker has made no effort to explain how its claims for declaratory relief against Andros Foods arise from any business that Andros Foods supposedly transacted here. Thus, § 2307.382(A)(1) does not provide a basis for the assertion of personal jurisdiction.

### 2. Andros Foods Has Not Contracted to Sell Services or Goods in Ohio.

Smucker has not even alleged that Andros Foods has contracted to sell services or goods in Ohio as required under § 2307.382(A)(2). It contends only that Andros Foods has "suppl[ied] goods sold in the State of Ohio and this District." (First Amended Complaint ¶ 9) Even generously reading the First Amended Complaint as conclusorily reciting the requites of § 2307.382(A)(2), jurisdiction over Andros Foods still fails here.

---

[5] The 1984 Agreement could not, in any event, support the contention that Andros Foods transacted business in Ohio. At the most, Smucker suggests, wrongly, that Andros Foods *might* somehow be an assignee of the 1984 Agreement. An assignee of a contract, however, is one step removed from the negotiations, and thus is one step removed from transacting business in Ohio. *Kroger Co.,* 437 F.3d at 512. Stated otherwise, an assignor's contacts with Ohio in negotiating and entering into a contract with an Ohio resident are not imputed to the assignee.

8

Factually, Andros Foods has not supplied any goods in the State of Ohio. As shown above, although Andros Foods is involved in the promotion in the U.S. of the Bonne Maman brand of preserves and jellies manufactured and packaged by its French affiliate Andros S.N.C., Andros Foods does not import into the U.S. nor distribute in the U.S. Bonne Maman preserves and jellies. (*See* 3 above) Nor can the 1984 Agreement fulfill the requirement of Andros Foods having contracted to supply goods in Ohio. Andros Foods is not a party to the 1984 Agreement, and in any event, under Smucker's view of the contract, the 1984 Agreement is a license agreement. (First Amended Complaint ¶ 6) A "license is, generally, an agreement not to sue, not a contract for the provision of goods or services." *Adams Golf, Inc.,* 2010 WL 2382596 at *4.

Smucker has not met its burden of showing that Andros Foods contracted to supply goods or services in Ohio. Jurisdiction cannot be asserted over Andros Foods under § 2307.382(A)(2).

### 3. Andros Foods Has Not Caused Tortious Injury by an Act or Omission in Ohio.

Smucker fails to identify any act or omission in Ohio that has caused it tortious injury, or that its claims for declaratory relief arise from any tortious act or omission committed by Andros Foods in Ohio. To qualify under this subsection, the tortious act must be committed in Ohio. *Moro Aircraft Leasing, Inc.,* WL 2262923 at *4. There is no evidence that Andros Foods committed a tortious act or omission here. Nor is there any evidence that Smucker has suffered any injury as a result of any of conduct by Andros Foods. Indeed, Smucker has alleged in the First Amended Complaint that it continues to sell its Orchard's Finest preserves and other products under the gingham design trademark without interruption, despite Andros Foods' objections. (*See* 3 above) Section 2307.383(A)(3) does not provide a ground for the assertion of personal jurisdiction over Andros Foods.

9

### 4. Andros Foods Has Not Caused Tortious Injury in Ohio by an Act or Omission Outside the State.

Parroting the language of § 2307.382(A)(4), Smucker conclusorily alleges that Andros Foods has "committed tortious acts without the State of Ohio causing injury to persons or property within the State of Ohio and this District and either regularly do[es] or solicit[s] business, engage[s] in other persistent course of conduct, or derive[s] substantial revenue from goods used or consumed or services rendered in the State of Ohio and this District." (First Amended Complaint ¶ 9) Copying the words of the statute without supplying the slightest bit of supporting facts is patently insufficient.

Smucker does not identify any tortious conduct committed by Andros Foods, nor any injury that it supposedly suffered as a result of Andros Foods' conduct.[6] Smucker likewise does not make any effort to show how its declaratory judgment claims against Andros Foods might have arisen from any conduct by Andros Foods. And factually, Andros Foods does not regularly do or solicit business in Ohio, engage in any other persistent course of conduct in Ohio, or derive substantial revenue from goods used or consumed or services rendered in the State of Ohio. (*See* 4 above) In short, Smucker has not carried its burden of showing jurisdiction under § 2307.382(A)(4).

### B. Andros Foods Lacks Minimum Contacts with the State of Ohio

"The Sixth Circuit has interpreted the 'minimum contacts' test to require: 1) that the defendant 'purposefully avails' himself of the privilege of acting in the forum state; 2) that the cause of action arise from the defendant's activities in the forum state; and 3) that the activities of the defendant be substantial enough in the forum state to make the exercise of jurisdiction

---

[6] There are, for example, "no allegations that sales in this District were halted, that contracts were lost in this District, or anything else." *Adams Golf, Inc.,* 2010 WL 2382596 at *5.

10

reasonable." *Verulux, LTC,* 2010 WL 1795888 at *5 (citation omitted); *see also Hitachi Medical Systems America, Inc.*, 2011 WL 711568 at *6-7. The three criteria are independent so that "failure to meet any one of the three means that personal jurisdiction may not be invoked." *Tradesmen Group, Inc. v. Cecil*, 2010 WL 1957689, *3 (S.D. Ohio May 14, 2010).

It is also abundantly well settled that the defendant's communications with the plaintiff in the forum to cease and desist do not constitute sufficient minimum contacts to support the assertion of personal jurisdiction over the defendant. *Genetic Implant Systems, Inc. v. Core-Vent Corp.*, 123 F.3d 1455 (Fed. Cir. 1997) (sending "infringement letters, without more activity in a forum state, is not sufficient to satisfy the requirements of due process); *Verulux, LTC,* 2010 WL 1795888, at *6 ("'the use of interstate facilities such as the telephone and mail is a secondary or ancillary factor and cannot alone provide the minimum contacts required by due process'") (citation omitted); *see also Big Lots Stores, Inc. v. Sorensen Research and Development Trust*, 2009 WL 4547599, * 4-5 (S.D. Ohio Dec. 2, 2009).

Andros Foods does not have sufficient minimum contacts with the State of Ohio to satisfy the Due Process requirements for the assertion of personal jurisdiction. There is no evidence that Andros Foods has a substantial connection with the State of Ohio.[7] Andros Foods has no presence in Ohio, does not directly sell goods or services here, and has only sent its personnel here one time in each of the last three years. (*See* 4-5 above) The cease and desist letters Andros Foods sent to Smucker on behalf of Andros S.N.C. were sent to Ohio merely because of the essentially random fact that that is where Smucker happens to be located. *Verulux, LTC,* 2010 WL 1795888 at *6. As well, Andros Foods is not a party to the 1984

---

[7] "The 'purposeful availment' requirement is satisfied when the defendant's contacts create a 'substantial connection' with the forum state such that the defendant 'should reasonably anticipate being haled into court there.'" *Verulux, LTC. v. Johnston*, 2010 WL 1795888 *5 (N.D. Ohio May 5, 2010)

11

Agreement, and even if it were, that would not be sufficient to establish minimum contacts. *Shook, Inc. Heavy & Environmental Div.*, 2010 WL 761947, *6. This prong of the Sixth Circuit's test for minimum contacts fails.

And even if Andros Foods was, contrary to fact, found to have a substantial connection with Ohio, Smucker's declaratory judgment claims here doe not arise from those contacts. "As to the 'arising from' requirement, the Sixth Circuit has said that '[i]f a defendant's contacts with the forum state are related to the operative facts of the controversy, then an action will be deemed to have arisen from those contacts.'" *Verulux, LTC,* 2010 WL 1795888 at *7. The operative facts here concern whether Smucker's sale of its Orchard's Finest preserve infringe the Bonne Maman trade dress, and whether the 1984 Agreement remains valid and enforceable despite Smucker's sale of the Orchard's Finest product. These facts concern Smucker's conduct, and are not related to Andros' Foods meager contacts with the State of Ohio.

Finally, it would be unreasonable to require Andros Foods to respond to Smucker's declaratory judgment claims in this Court in light of the failure of the other two prongs of the Sixth Circuit's minimum contacts test. Andros Foods does not have any substantial connection with the State of Ohio, and its scant connections are unrelated to the issues in this action. Indeed, the only connection between this action and the State of Ohio is the happenstance that Smucker maintains its headquarters here (although Smucker also has facilities throughout the United States (First Amended Complaint ¶ 2)). Moreover, the New York Action (*see* n.1 above) is pending between Smucker and Andros S.N.C. (the proper party), in which all parties can obtain complete relief. It is thus simply unreasonable to seek to assert claims against Andros Foods here.

## II.     THE COMPLAINT SHOULD BE DISMISSED UNDER FED. R. CIV. P. 12(b)(6).

"In order to survive a motion to dismiss, a complaint must provide the grounds of the entitlement to relief, which requires more that labels and conclusions, and a formulaic recitation of the elements of a cause of action." *ATC Lighting and Plastics, Inc.*, 2010 WL 4510910, at *5. A "complaint must contain enough factual material to state a claim 'that is plausible on its face.' Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Moro Aircraft Leasing, Inc.,* WL 2262923 at *2 (citation omitted).

Smucker purports to assert declaratory judgment claims against Andros Foods to declare Smucker's supposed non-infringement of the Bonne Maman trade dress, and to declare the continuing validity and enforceability of the 1984 Agreement.  Since Andros Foods neither owns the trade dress at issue nor is a party to the 1984 Agreement, Smucker fails to state declaratory judgment claims against Andros Foods.

Smucker does not allege that Andros Foods owns the Bonne Maman trade dress that is the subject of Smucker's declaratory judgment action.  Smucker merely alleges, "[u]pon information and belief," that Andros Foods "distributes preserves and jellies in the United States under the trademark BONNE MAMAN," and that Andros Foods' "use of the Gingham Design in the Bonne Maman Trade Dress is permitted under the Agreement, as it is a sublicense of the Agreement between Smucker and S.A. Andros."  (First Amended Complaint ¶¶ 31, 33)  Andros S.N.C., however, not Andros Foods, owns the Bonne Maman trade dress.  (Schwab Decl. Exh. B ¶ 3)  Thus, Andros Foods is not a proper defendant in a declaratory judgment action to declare Smucker's supposed non-infringement of Andros S.N.C.'s trade dress.

The same is true of Smucker's declaratory claim about the 1984 Agreement.  "'[U]nder the basic principles of contract law, a contractual agreement is unenforceable against a person or

13

entity who was not a party to the contract.'" *Hitachi Medical Systems America, Inc.*, 2011 WL 711568 at *8. (quoting *WashPro Express, LLC v. VERwater Envtl., LLC*, 2007 WL 641425, (12th Dist. Mar. 5, 2007)); *Highway Commercial Services, Inc. v. Zitis*, 2008 WL 1809117 *4 (S.D. Ohio Apr. 21, 2008). Smucker does not contend that Andros Foods is a party to the 1984 Agreement. At most, Smucker alleges, "[u]pon information and belief," that Andros Foods "is a sublicensee to [the] license agreement," and that "Andros Group" "has licensed and or assigned rights originally granted to S.A. Andros to Andros Group's various subsidiaries and affiliates, including" Andros Foods. (First Amended Complaint ¶¶ 7, 30, 33) In fact, Andros Foods is not a successor to S.A. Andros, is not a party to the 1984 Agreement, and has no written license with Andros S.N.C. (the successor to S.A. Andros that is in fact the assign of the 1984 Agreement) concerning the 1984 Agreement. (Schwab Decl. Exh. B ¶ 4) As a non-party to the 1984 Agreement, it cannot be enforced against Andros Foods, nor can Andros Foods enforce it. Smucker thus fails to state a claim for declaratory relief against Andros Foods based on the 1984 Agreement.

## **CONCLUSION**

For all the foregoing reasons, Andros Foods respectfully submits that the First Amended Complaint should be dismissed with prejudice, and the Court should award such further relief as the Court deems just and proper.

Dated: September 21, 2011

/s/ Joseph R. Dreitler
Joseph R. Dreitler   (0012241)
Mary R. True        (0046880)
Trial Attorneys
BRICKER & ECKLER LLP
100 South Third Street
Columbus, Ohio 43215-4219
Telephone: (614) 227-2343
Facsimile: (614) 227-4291
Email: jdreitler@bricker.com
          mtrue@bricker.com

and

Jeffrey A. Schwab (*pro hac admission pending*)
Richard L. Crisona (*pro hac admission pending*)
ABELMAN, FRAYNE & SCHWAB
666 Third Avenue
New York, New York 10017
Telephone:  (212) 949-9022
Facsimile:  (212) 949-9190
Email: jaschwab@lawabel.com
          rlcrisona@lawabel.com

*Attorneys for Defendant
Andros Foods USA, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the 21st day of September, 2011, a copy of the foregoing, Defendant Andros Foods USA, Inc.'s Motion to Dismiss the Complaint and the Declaration of Jeffrey A. Schwab dated September 21, 2011 were filed with the Clerk of Court electronically.  Notice of this filing will be sent to all registered parties by operation of the Court's CM/ECF system.

						__/s/ Allison Moss