**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

THE J.M. SMUCKER COMPANY,

                             Plaintiff,

               -against-

ANDROS FOODS USA, INC. and ANDROS
GROUP,

                         Defendants.

Civil Case No.:  5:11-cv-1544

Judge:  John R. Adams

---

**MEMORANDUM OF LAW OF NON-PARTY ANDROS ET CIE S.A.S  IN SUPPORT OF
ITS MOTION TO QUASH AND TO DISMISS THE COMPLAINT**

Dated: October 11, 2011

BRICKER & ECKLER LLP
100 South Third Street
Columbus, Ohio 43215-4219
(614) 227-2343

ABELMAN, FRAYNE & SCHWAB
(*admitted pro hac vice*)
666 Third Avenue
New York, New York 10017
(212) 949-9022

*Attorneys for Non-Party Andros et Cie S.A.S.*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................... ii

PRELIMINARY STATEMENT ............................................................................... 1

STATEMENT OF FACTS ....................................................................................... 2

    A.  Procedural History ......................................................................................... 2

    B.  Additional Facts Pertinent to the This Motion ............................................... 4

ARGUMENT ........................................................................................................... 6

I.    THE SUMMONS SERVED ON ANDROS ET CIE SHOULD BE
QUASHED, AND THE FIRST AMENDED COMPLAINT AGAINST
"ANDROS GROUP" SHOULD BE DISMISSED ..................................................... 6

    A.  The Summons Served on Andros et Cie Should Be
Quashed. .................................................................................................... 6

    B.  The First Amended Complaint Should Be Dismissed
Against "Andros Group." ............................................................................. 8

II.    THE COURT LACKS JURISDICTION OVER ANDROS ET CIE
UNDER FED. R. CIV. P. 12(b)(2). ........................................................................ 9

    A.  There Is No Personal Jurisdiction Over Andros et Cie
Under Ohio's Long-Arm Statute, Section 2307.382 ..................................... 10

        1.  Andros et Cie Has Not Transacted Business in Ohio. ............................... 11

        2.  Andros et Cie Has Not Contracted to Sell Services or
Goods in Ohio. ........................................................................................ 12

        3.  Andros et Cie Has Not Caused Tortious Injury by an Act
or Omission in Ohio. ............................................................................... 13

        4.  Andros et Cie Has Not Caused Tortious Injury in Ohio
by an Act or Omission Outside the State. .................................................. 14

    B.  Andros et Cie Lacks Minimum Contacts with the State of
Ohio. ........................................................................................................ 14

CONCLUSION ...................................................................................................... 17

## <u>TABLE OF AUTHORITIES</u>

<b><u>Page</u></b>

<u>Cases</u>

*Adams Golf, Inc. v. Anthony J. Antonious Irrevocable Trust*, 2010
    WL 2382596 (S.D. Ohio June 11, 2010)................................................................ 9, 10, 11, 14

*Adams v. Allied Signal General Aviation Avionics*, 74 F.3d 882 (8th
    Cir. 1996)........................................................................................................................7, 9, 13

*ATC Lighting and Plastics, Inc. v. Harley-Davidson Motor
    Company, Inc.*, 2010 WL 4510910 (N.D. Ohio Nov. 1, 2010) ...............................................10

*Bavelis v. Doukas*, 453 B.R. 832 (Bankr. S.D. Ohio 2011) ............................................................6, 7

*Big Lots Stores, Inc. v. Sorensen Research and Development Trust*,
    2009 WL 4547599 (S.D. Ohio Dec. 2, 2009)........................................................................15

*Di Lella v. University of the District of Columbia David A. Clarke
    School of Law*, 2009 WL 3206709 (D.D.C. Sept. 30, 2009).....................................................7

*Egle Nursing Home, Inc. v. Erie Ins. Group*,  981 F. Supp.
    932 (D.Md.1997).....................................................................................................................8

*Genetic Implant Systems, Inc. v. Core-Vent Corp.*, 123 F.3d 1455
    (Fed. Cir. 1997).....................................................................................................................15

*Gonzalez v. Temple Mountain Ski Resort, Inc.*, 613 F. Supp. 354
    (D. Mass. 1985)......................................................................................................................8, 9

*Grubb v. Collins*, 2010 WL 3463848 (S.D. Ohio July 14, 2010).............................................6, 9

*Hitachi Medical Systems America, Inc. v. St. Louis Gynecology &
    Oncology, LLC*, 2011 WL 711568 (N.D. Ohio Feb. 22, 2011)................................... 10, 12, 15

*Kroger Co. v. Malease Foods Corp.* 437 F.3d 506 (6th Cir. 2006)...............................................9

*Moro Aircraft Leasing, Inc. v. Keith*, 2011 WL 2262923 (N.D.
    Ohio June 9, 2011)...........................................................................................................12, 13

*Peacock v. Bayview Loan Servicing*, 2005 WL 1277667 (N.D.
    Ohio May 26, 2005)...............................................................................................................8, 9

*Saykin v. Donald W. Wyatt Detention Center*, 2008 WL 2128059
    (D.R.I. May 20, 2008).............................................................................................................6, 7

*Shive v. Circus Circus Mississippi, Inc.*, 2009 WL 4062976 (N.D. Miss. 2009) ................................................................................................9

*Shivers v. Akima Intra-Data*, 2008 WL 3992669 (S.D. Miss. Aug. 21, 2008)........................................................................................................7

*Shook, Inc. Heavy & Environmental Div. v. City of Moundsville Water Board*, 2010 WL 761947 (S.D. Ohio Mar. 2, 2010)...............................10, 16

*Theunissen v. Matthews*, 935 F.2d 1454 (6th Cir.1991) ...........................10

*Tradesmen Group, Inc. v. Cecil*, 2010 WL 1957689 (S.D. Ohio May 14, 2010)...................................................................................15

*Verulux, LTC. v. Johnston*, 2010 WL 1795888 (N.D. Ohio May 5, 2010).............................................................................. 10, 12, 15, 16

*Wasson v. Riverside County*, 237 F.R.D. 423 (C.D. Cal. 2006) ....................6

## Statutes and Rules

Fed. R. Civ. P. 10(a) ...................................................................................7

Fed. R. Civ. P. 12(b)(4) ..............................................................................7

Fed. R. Civ. P. 12(b)(5) ..............................................................................7

Fed. R. Civ. P. 12(h) ..................................................................................9

O.R.C. § 2307.382 ....................................................................................11

O.R.C. § 2307.382(A) ...............................................................................10

O.R.C. § 2307.382(A)(1)......................................................................11, 12

O.R.C. § 2307.382(A)(2).................................................................11, 12, 13

O.R.C. § 2307.382(A)(3).................................................................11, 13

O.R.C. § 2307.382(A)(4).................................................................11, 14

O.R.C. § 2307.382(C) ...............................................................................10

Non-party Andros et Cie S.A.S. ("Andros et Cie") respectfully submits this memorandum in support of its motion to quash the summons served on it naming the non-existent "Andros Group" and to dismiss the First Amended Complaint in this action against "Andros Group" under Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5). Since the summons and First Amended Complaint served on Andros et Cie name the non-existent "Andros Group," not Andros et Cie, service is insufficient on Andros et Cie. And since there is no entity known as "Andros Group," the First Amended Complaint must be dismissed as to it.

## PRELIMINARY STATEMENT

This declaratory judgment action arises from the common use of a gingham design trademark in connection with the sale of preserves and jellies by plaintiff The J.M. Smucker Company ("Smucker") and Andros et Cie's operating subsidiary, Andros S.N.C. Smucker and Andros S.N.C.'s predecessor contracted for the common use of the gingham design mark in a February 16, 1984 Agreement (the "1984 Agreement"). The parties' products co-existed in the market without conflict for nearly thirty years, until Smucker introduced its Orchard's Finest preserves in a trade dress that is confusingly similar to Andros S.N.C.'s Bonne Maman® brand of preserves and jellies. Andros et Cie's U.S. subsidiary, defendant Andros Foods USA, Inc. ("Andros Foods"), wrote to Smucker, on behalf of Andros S.N.C. through counsel, to object to Smucker's use of the confusingly similar trade dress on the Smucker Orchard's Finest products. After further correspondence between counsel and without any notice, Smucker commenced this anticipatory declaratory judgment action on July 26, 2011, naming Andros Foods as the only defendant. Two days later, Smucker filed its First Amended Complaint to join the non-existent "Andros Group" as a defendant.[1]

---

[1] On August 4, 2011, before they were aware that "Andros Group" had been joined as a party to this action, Andros et Cie and Andros S.N.C. filed an action against Smucker for trade dress infringement and breach of contract in the

Smucker subsequently arranged, under the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, to have a summons naming "Andros Group" and a copy of the First Amended Complaint served on a representative of Andros et Cie in France.  Service of a summons on a non-party naming a non-existent party is manifestly insufficient under the Federal Rules

## STATEMENT OF FACTS

### A.    Procedural History

Smucker, in the First Amended Complaint, asserts against Andros Foods and the non-existent "Andros Group" "a declaratory judgment that: (1) its use of the trade dress for its Smucker's Orchard's Finest preserves does not infringe any rights of Defendants and (2) the license agreement between The J.M. Smucker Company and S. A. Andros dated February 16, 1984 is valid and enforceable and that no provisions of that agreement jeopardize the valuable intellectual property belonging to The J.M. Smucker Company."  (First Amended Complaint (ECF Doc. No. 4) ¶ 1)  Smucker premises personal jurisdiction over the named defendants on the grounds that they "transact business within the State of Ohio and this District," they "supply goods sold in the State of Ohio and this District," they have "committed the tortious acts specified herein within the State of Ohio and this District, and/or" they have "committed tortious acts without the State of Ohio causing injury to persons or property within the State of Ohio and this District and either regularly do or solicit business, engage in other persistent course of conduct, or derive substantial revenue from goods used or consumed or services rendered in the State of Ohio and this District."  (*Id.* ¶ 9)  Smucker does not identify any allegedly tortious

United States District Court for the Southern District of New York (the "New York Action").  Smucker moved to dismiss or stay the New York Action, contending that its anticipatory declaratory judgment action here has precedence under the first-filed rule.  The briefing on that motion has now been completed.  Andros et Cie voluntarily discontinued its participation in the New York Action, leaving Andros S.N.C. as the sole plaintiff.

conduct in which the named defendants have supposedly engaged, nor does Smucker contend that it has suffered any damages as a result of the named Defendants' alleged conduct such as any lost sales or diminished marketing activity for its Orchard's Finest preserves.  On the contrary, Smucker specifically alleges that it "continues to manufacture and distribute Smucker's Orchard's Finest Preserves," and "the many products it markets and sells in connection with its Gingham Mark."  (*Id.* ¶¶ 47, 58)  On September 29, 2011, Andros Foods moved to dismiss the First Amended Complaint against it under Fed. R. Civ. P. 12(b)(2) and 12(b)(6).

Also on September 19, 2011, Mr. Calvert, a Huissier de Justice (or bailiff), arrived at Andros et Cie's premises in France, and informed Andros et Cie's Director of Legal Affairs, Serge Lanskoy, that he had documents to be served on "Andros Group" at the address for Andros et Cie.  (Declaration of Serge Lanskoy dated October 11, 2011 ("Lanskoy Decl.") ¶ 4)  Andros et Cie's representative advised Mr. Calvert that there is no company known as "Andros Group," but that he would accept the documents on behalf of Andros et Cie.[2]  (*Id.*)  Under French law, Andros et Cie's representative could have refused to accept the documents because they are directed to "Andros Group," or he could accept delivery of them without prejudice to challenging their validity in court.  (*Id.*)  In order to avoid delaying the proceedings, Andros et Cie's representative accepted the delivery of the documents on behalf of Andros et Cie, subject to later challenge.[3]  (*Id.*)

---

[2] Since there is no entity known as "Andros Group," Andros et Cie's representative had no authority to accept any documents on behalf of "Andros Group." (*Id.*)

[3] A copy of the documents that were delivered to Andros et Cie by Mr. Calvert (except for the copy of the First Amended Complaint) is attached to the Lanskoy Declaration as Exhibit A.  On page two of Exhibit A, there is a notation "SOUS TOUTES RESERVES," which translates as "WITHOUT PREJUDICE."  This notation confirms the view that Andros et Cie reserved all its rights in accepting delivery of the documents wrongly addressed to the non-existent "Andros Group."  (Lanskoy Decl. ¶ 5)

Under French law, delivery of documents with the name of a non-existent party does not constitute proper legal service of the documents.  (*Id.* ¶ 6)  So under French law, delivery to Andros et Cie's representative of the summons and First Amended Complaint naming the non-existent "Andros Group" does not constitute valid service on Andros et Cie or any other entity. (*Id.*)

**B.      Additional Facts Pertinent to the This Motion**

Contrary to what is claimed in the First Amended Complaint, there is no separate legal entity related to Andros et Cie, its subsidiary, Andros S.N.C., or any Andros-related entity that is called "Andros Group" or that is a "general partnership."[4]  (*Id.* ¶ 3)  Andros et Cie is aware that one can find references to "Andros Group" relating broadly to the affiliated group of companies including Andros et Cie and its subsidiaries, however, neither Andros et Cie nor any other specific company is referred to as the "Andros Group."  (*Id.*)  There is no separate legal entity under the name "Andros Group" that can, for example, own property, enter into contracts or sue or be sued under French law.  (*Id.*)

Andros et Cie is a non-operating holding company for Andros S.N.C., Andros Foods, and other affiliated entities.  (*Id.* ¶ 7)  Andros Foods is involved in the promotion in the U.S. of the Bonne Maman® brand of preserves and jellies manufactured and packaged by Andros S.N.C. (*Id.*)  Andros et Cie does not export into the U.S. nor distribute in the U.S. Bonne Maman preserves and jellies, nor any other products.  (*Id.*)  Andros et Cie is not a signatory nor party to the February 16, 1984 Agreement between The J.M. Smucker Company and Andros S.N.C. (as

---

[4] The non-operating holding company Andros et Cie is a Société par Actions Simplifiées, which roughly corresponds to a simplified stock or closely-held corporation under United States law, not a general partnership.  (*Id.* ¶ 3)  Its operating subsidiary, Andros S.N.C., is a Société en Nom Collectif, which is similar to, although not the same as, a general partnership under United States law.  (*Id.*)  French law does not provide for a general partnership as it is recognized under United States law.  (*Id.*)

assignee from its predecessor, S.A. Andros) that is part of this dispute between the parties.  (*Id.* ¶ 9)

Andros et Cie does not own any trademarks or trade dress in the U.S.  (*Id.* ¶ 8)  The U.S. trademarks and trade dress for products manufactured and packaged by Andros S.N.C. for distribution in the U.S. are owned by Andros S.N.C. as successor in interest to Andros France. None of the current U.S. trademark registrations and applications is owned by Andros et Cie. (*Id.*)

Andros et Cie does not have any offices or employees in the State of Ohio, is not licensed to do business in the State of Ohio, and does not have a registered agent for service of process within the State of Ohio.  (*Id.* ¶ 10)  Andros et Cie has never paid any taxes in the State of Ohio nor engaged in activities that would give rise to any tax liability.  (*Id.* ¶ 11)  Andros et Cie does not own, lease or rent any real property in the State of Ohio.  (*Id.* ¶ 12)  Andros et Cie does not maintain any addresses or telephone numbers in the State of Ohio.  (*Id.* ¶ 13)  Andros et Cie has no assets, property or bank accounts in the State of Ohio.  (*Id.* ¶ 14)

Andros et Cie does not have any contracts for the delivery of any goods or services in the State of Ohio, or for the transaction of any other business there.  (*Id.* ¶ 15)  Andros et Cie has not transacted any business within the State of Ohio.  (*Id.*)  Its subsidiary, Andros S.N.C., distributes Bonne Maman brand and other products in the United States, including in the State of Ohio, through two wholly independent distributors in the United States.[5]  (*Id.*)

---

[5] Andros S.N.C., not Andros et Cie, owns the domain name www.bonnemaman.us.  (*Id.* ¶ 16)  This website is maintained solely for informational purposes, and does not specifically direct any advertising or marketing toward Ohio residents.  (*Id.*)  The www.bonnemaman.us website does have a link to "Purchase Online," but when a user clicks on the link, he or she is serviced by a third-party servicer.  (*Id.*)  Andros et Cie is not involved in or aware at the time of any transaction that might occur after a user clicks on the "Purchase Online" link on the www.bonnemaman.us website.  (*Id.*)

## ARGUMENT

**I.    THE SUMMONS SERVED ON ANDROS ET CIE SHOULD BE QUASHED, AND THE FIRST AMENDED COMPLAINT AGAINST "ANDROS GROUP" SHOULD BE DISMISSED.**

### A.    The Summons Served on Andros et Cie Should Be Quashed.[6]

Smucker served on Andros et Cie a summons naming the non-existent "Andros Group," and the First Amended Complaint, which names Andros Foods and "Andros Group" as defendants and does not in any way suggest that Andros et Cie is an intended defendant. Under these circumstances, the service of the summons on Andros et Cie is improper under the Federal Rules of Civil Procedure, and it should be quashed.[7]

"Once service of process has been challenged, the plaintiff bears the burden of establishing the validity of such service." *Saykin v. Donald W. Wyatt Detention Center*, 2008 WL 2128059, *2 (D.R.I. May 20, 2008); *Bavelis v. Doukas*, 453 B.R. 832, 860 (Bankr. S.D. Ohio 2011); *Grubb v. Collins*, 2010 WL 3463848, *1 (S.D. Ohio July 14, 2010) (plaintiff has burden "of showing that proper service has been made"). "Proper service of process is required in order for this Court to obtain in personam jurisdiction over each defendant." *Grubb*, 2010 WL 3463848 at *1. Courts "have found they lack jurisdiction over unnamed parties since a case has not been commenced with respect to them." *Saykin*, 2008 WL 2128059 at *3.

It is irrelevant that a copy the summons and First Amended Complaint were delivered to Andros et Cie, giving it notice of this action. If an entity has been improperly served, the Court lacks jurisdiction over that entity whether or not it had "actual notice of the lawsuit." *Adams v.*

---

[6] A nonparty served with the complaint has standing to move to dismiss under the jurisdictional provisions of Fed. R. Civ. P. 12(b), *Wasson v. Riverside County*, 237 F.R.D. 423, 424 (C.D. Cal. 2006), but "[m]erely serving a complaint on a non-party does not make the nonparty a party," *id.* at 424 n.1.

[7] Service of the summons directed to "Andros Group" on Andros et Cie was also improper under French law. (*See* 4 above)

*Allied Signal General Aviation Avionics*, 74 F.3d 882, 885 (8th Cir. 1996); *see also Bavelis*, 453 B.R. at 863-64 ("the Sixth Circuit would require plaintiffs to strictly comply with the applicable service requirements despite any actual notice the defendants have of the litigation"); *Di Lella v. University of the District of Columbia David A. Clarke School of Law*, 2009 WL 3206709, *1 (D.D.C. Sept. 30, 2009).

"Rule 10(a) of the Federal Rules of Civil Procedure mandates 'the names of all parties must be listed in the caption' of the original complaint, and courts have dismissed claims aimed at parties not so named." *Saykin*, 2008 WL 2128059 at *2. Moreover, "even when courts look to the body of the complaint, claims against an alleged party may still be dismissed if the pleadings do not clearly name such party as a defendant." *Id.* Where a putative party's name is not "included in the summons and complaint as required by Rules 4 and 10, respectively, of the Federal Rules of Civil Procedure, the motion to dismiss pursuant to Rule 12(b)(5) under the basis that the wrong party has been served is valid." *Id.*[8]

Service of the summons on a representative of Andros et Cie does not make it valid service on Andros et Cie or on the non-existent "Andros Group." "[T]here is *no* proper service when the person served is an officer of a corporation not named a defendant." *Adams*, 74 F.3d at 886. Where service has been made on a non-existent party through service of an officer of a

---

[8] Service on Andros et Cie of the summons directed to the non-existent "Andros Group" was improper under both Rule 12(b)(4) and 12(b)(5). "Rule 12(b)(4) is the proper challenge, for instance, when it is alleged that the Summons and Complaint do not properly name the party on whom the Summons and Complaint is served." *Shivers v. Akima Intra-Data*, 2008 WL 3992669, *3 (S.D. Miss. Aug. 21, 2008). And "Rule 12(b)(5) is the proper challenge when the wrong party is served with an otherwise proper Summons and Complaint." *Id.* "Although the distinction between Rule 12(b)(4) and 12(b)(5) motions is easy to state, the line between them becomes blurred when the alleged defect is that the defendant either is misnamed in the summons or has ceased to exist. In these cases, the form of the process could be challenged under Rule 12(b)(4) on the theory that the summons does not properly contain the names of the parties, or a motion under Rule 12(b)(5) could be made on the ground that the wrong party – that is, a party not named in the summons – has been served." *Id.*; *see also Adams v. Allied Signal General Aviation Avionics*, 74 F.3d 882, 884 n.1 (8th Cir. 1996); *Bavelis*, 453 B.R. at 862. A "defendant who is not named in the summons has not effectively been served and the service of process on that defendant, as well as the process itself, is therefore insufficient." *Bavelis*, 453 B.R. at 862.

company not named in the summons or complaint, the complaint should be dismissed under Fed. R. Civ. 12(b)(4) and (5). *Gonzalez v. Temple Mountain Ski Resort, Inc.*, 613 F. Supp. 354, 355 (D. Mass. 1985). As well, "federal courts have uniformly held that service of process upon a subsidiary or affiliated corporation does not confer jurisdiction on the parent corporation where separate corporate entities are maintained, absent evidence that the subsidiary is the *alter ego* of the parent." *Egle Nursing Home, Inc. v. Erie Ins. Group*, 981 F. Supp. 932, 936 n.1 (D.Md.1997) (citations omitted).

Smucker cannot defend service on Andros et Cie as being valid service on any party. The summons names "Andros Group," not Andros et Cie. The error is not a mere misnomer, *i.e.*, a misstatement of Andros et Cie's name. The First Amended Complaint alleges that "Andros Group" is a "general partnership," and Andros et Cie is the equivalent of a closely held corporation (*see* 4 above). Under settled law, the summons served on Andros et Cie and directed to the non-existent "Andros Group" should be quashed.

**B.    The First Amended Complaint Should Be Dismissed Against "Andros Group."**

Smucker has the burden of making a *prima facie* showing that personal jurisdiction exists over "Andros Group." *Peacock v. Bayview Loan Servicing*, 2005 WL 1277667, *2 (N.D. Ohio May 26, 2005). Accordingly, Smucker has the burden of showing that "Andros Group" actually exists, that it was properly served with the summons and complaint, that "its contacts with Ohio are sufficient to trigger the Ohio long-arm statute, and lastly, that haling [it] into court in Ohio does not violate [its] constitutional due process rights." *Id.* Smucker cannot make these showings here.

There is no evidence that a "general partnership" known as "Andros Group" in fact exists. All the evidence is to the contrary. (*See* 4 above) Courts consistently dismiss misnamed,

8

non-existent parties.  *Adams v. Allied Signal General Aviation Avionics*, 74 F.3d 882 (8th Cir. 1996); *Grubb v. Collins*, 2010 WL 3463848 (S.D. Ohio July 14, 2010); *Peacock v. Bayview Loan Servicing*, 2005 WL 1277667 (N.D. Ohio May 26, 2005); *Gonzalez v. Temple Mountain Ski Resort, Inc.*, 613 F. Supp. 354 (D. Mass. 1985); *Shive v. Circus Circus Mississippi, Inc.*, 2009 WL 4062976 (N.D. Miss. 2009).  The same result should obtain here.  The non-existent "Andros Group" was not (and could not have been) properly served in this action.  The First Amended Complaint should be dismissed at to "Andros Group."

## II.    THE COURT LACKS JURISDICTION OVER ANDROS ET CIE UNDER FED. R. CIV. P. 12(b)(2).[9]

Where, as here, subject matter jurisdiction is based upon a federal question, personal jurisdiction will be found if the defendant is amenable to service of process under the forum state's long-arm statute, and if the assertion of jurisdiction comports with federal Due Process. *Adams Golf, Inc. v. Anthony J. Antonious Irrevocable Trust*, 2010 WL 2382596, *2 (S.D. Ohio June 11, 2010) (citation omitted).  "While some states' long-arm statutes extend personal jurisdiction to the fullest extent of the Due Process Clause, Ohio's does not."  *Id.*; *see also Kroger Co. v. Malease Foods Corp.* 437 F.3d 506, 513 (6th Cir. 2006).  So "Plaintiff must show that Defendant is amenable to suit under Ohio's long arm statute and that Defendant's activities in the State of Ohio satisfy the minimum contacts requirement of the Due Process Clause."  *Big Lots Stores, Inc. v. Sorensen Research and Development Trust*, 2009 WL 4547599, * 2 (S.D. Ohio Dec. 2, 2009).  "If the Ohio long-arm statute does not provide a basis for the exercise over

---

[9] Since it is not named in the summons or anywhere in the First Amended Complaint, Andros et Cie is not a party to this action, and Fed. R. Civ. P. 12(h) providing for the waiver of a jurisdiction defense under Rule 12(b)(2) under certain circumstances if not joined with an initial Rule 12 motion should not apply.  To avoid any risk of waiver, though, Andros et Cie is asserting lack of jurisdiction under Rule 12(b)(2) as part of this motion.  Andros et Cie's assertion of lack of jurisdiction is not an admission that Andros et Cie is in any way a current party to this action, and Andros et Cie specifically denies that it currently is, or properly could be made, a party to Smucker's claims here.

the nonresident defendant, jurisdiction is unavailable even if the exercise of such would not violate due process." *ATC Lighting and Plastics, Inc. v. Harley-Davidson Motor Company, Inc.*, 2010 WL 4510910, *4 (N.D. Ohio Nov. 1, 2010).

The plaintiff bears the burden of establishing that the Court may exercise personal jurisdiction over the defendant. *Shook, Inc. Heavy & Environmental Div. v. City of Moundsville Water Board*, 2010 WL 761947, *2 (S.D. Ohio Mar. 2, 2010); *see also ATC Lighting and Plastics, Inc.*, 2010 WL 4510910 at *4. "Where the defendant files a properly supported motion to dismiss for lack of personal jurisdiction, "'the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction.'" *Verulux, LTC. v. Johnston*, 2010 WL 1795888,*1 (N.D. Ohio May 5, 2010) (quoting *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir.1991)); *Hitachi Medical Systems America, Inc. v. St. Louis Gynecology & Oncology, LLC*, 2011 WL 711568, *2 (N.D. Ohio Feb. 22, 2011). "'Although the Court considers the pleadings in a light most favorable to Plaintiff, Plaintiff must still set forth specific facts demonstrating that the Court has jurisdiction.'" *Adams Golf, Inc.*, 2010 WL 2382596 at *1 (citation omitted). "Dismissal is proper where the plaintiff's factual allegations taken together fail to establish a *prima facie* case for personal jurisdiction." *Hitachi Medical Systems America, Inc.,* 2011 WL 711568 at *2.

### A. There Is No Personal Jurisdiction Over Andros et Cie Under Ohio's Long-Arm Statute, Section 2307.382.

Under O.R.C. § 2307.382(A), a "court may exercise jurisdiction over a person who acts directly or by an agent, as to a cause of action arising" from any of nine enumerated types of conduct. To emphasize that the cause of action must arise from the enumerated acts, § 2307.382(C) specifically provides that when "jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted

10

against him."  Indeed, the "Sixth Circuit interpreted case law from the Supreme Court of Ohio, and determined the use of 'arising from' in Section 2307.382 requires a 'proximate cause' relationship between the claim and the defendant's conduct."  *Adams Golf, Inc.*, 2010 WL 2382596, at *3 (citation omitted).

Smucker apparently seeks to premise jurisdiction over named defendants Andros Foods and the non-existent "Andros Group" under four enumerated acts and would presumably rely on those same grounds against Andros et Cie, namely that Andros et Cie has:  (1) transacted business in Ohio, § 2307.382(A)(1); (2) contracted to supply services or goods in Ohio, § 2307.382(A)(2);[10] (3) caused tortious injury by an act or omission in this state, § 2307.382(A)(3); or (4) caused tortious injury in Ohio by an act or omission outside the state and regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in Ohio, § 2307.382(A)(4).  (First Amended Complaint ¶ 9)  As shown below, none of these enumerated acts are applicable against Andros et Cie.

### 1.  Andros et Cie Has Not Transacted Business in Ohio.

Smucker does not identify any business that the named defendants or Andros et Cie have transacted in Ohio, nor does it try to explain how its declaratory judgment claims against the named defendants arise from any such supposed transaction of business.  Smucker merely suggests that this unidentified transaction of business might give rise to personal jurisdiction over the named defendants.  (*Id.* ¶ 9)  Smucker's conclusory assertion of the transaction of business in Ohio does not carry its burden of establishing jurisdiction here.

---

[10] Smucker does not allege that the named defendants or Andros et Cie have contracted to supply services or goods in Ohio, merely that they have supplied goods and services in Ohio.  (First Amended Complaint ¶ 9)

Although the term "transacting any business" is to be broadly construed, it is not entirely open ended, and does not reach all business contact with Ohio. For example, contacting an Ohio resident in order to seek to enforce an agreement does not amount to transacting business in Ohio. *Verulux, LTC,* 2010 WL 1795888 at *4. Likewise, a "non-resident's mere solicitation of business in Ohio does not suffice for purposes of Ohio's long-arm statute." *Moro Aircraft Leasing, Inc. v. Keith*, 2011 WL 2262923, *4 (N.D. Ohio June 9, 2011). And under "Ohio law, 'the mere existence of a contract involving a forum resident does not confer personal jurisdiction.'"[11] *Hitachi Medical Systems America, Inc.*, 2011 WL 711568 at *5 (citation omitted). So too, as "a general rule, the use of interstate lines of communication such as mail and telephones does not automatically subject a defendant to the jurisdiction of the courts in the forum state." *Id.*

Andros et Cie has had virtually no contact with the State of Ohio. (*See* 4-5 above) Smucker has not identified any business in Ohio that Andros et Cie has allegedly transacted. Moreover, Andros et Cie does not own the trade dress at issue here, nor is it a party to the 1984 Agreement. (*See* 4 above) Smucker has made no effort to explain how potential claims for declaratory relief against Andros et Cie (which Smucker has not yet asserted) could arise from any business that Andros et Cie supposedly transacted here. Thus, § 2307.382(A)(1) does not provide a basis for the assertion of personal jurisdiction.

## 2.    Andros et Cie Has Not Contracted to Sell Services or Goods in Ohio.

Smucker has not even alleged that the named defendants or Andros et Cie have contracted to sell services or goods in Ohio as required under § 2307.382(A)(2). It contends only

---

[11] The 1984 Agreement could not, in any event, support the contention that Andros et Cie transacted business in Ohio. Andros et Cie's subsidiary, Andros S.N.C., is the successor party to the 1984 Agreement, not Andros et Cie. (*See* 4 above) Since Andros et Cie is not a party to the Agreement, the Court cannot assert personal jurisdiction over Andros et Cie on that ground.

that the named defendants have "suppl[ied] goods sold in the State of Ohio and this District." (First Amended Complaint ¶ 9)  Even generously reading the First Amended Complaint as conclusorily reciting the requites of § 2307.382(A)(2), jurisdiction over Andros et Cie would still fail here.

Factually, Andros et Cie has not supplied any goods in the State of Ohio.  As shown above, Andros et Cie is a non-operating holding company.  (*See* 4 above)  It is not a party to the 1984 Agreement, and in any event, under Smucker's view of the contract, the 1984 Agreement is a license agreement.  (First Amended Complaint ¶ 6)  A "license is, generally, an agreement not to sue, not a contract for the provision of goods or services."  *Adams Golf, Inc.,* 2010 WL 2382596 at *4.

Smucker has not met its burden of showing that Andros et Cie contracted to supply goods or services in Ohio.  Jurisdiction cannot be asserted over Andros et Cie under § 2307.382(A)(2).

### 3. Andros et Cie Has Not Caused Tortious Injury by an Act or Omission in Ohio.

Smucker fails to identify any act or omission in Ohio that has caused it tortious injury, or that its claims for declaratory relief arise from any tortious act or omission committed by the named defendants (or Andros et Cie) in Ohio.  To qualify under this subsection, the tortious act must be committed in Ohio.  *Moro Aircraft Leasing, Inc.,* WL 2262923 at *4.  There is no allegation or evidence that Andros et Cie committed a tortious act or omission here.  Nor is there any evidence that Smucker has suffered any injury as a result of any (as yet unspecified) conduct by Andros et Cie.  Indeed, Smucker has alleged in the First Amended Complaint that it continues to sell its Orchard's Finest preserves and other products under the gingham design trademark without interruption.  (*See* 3 above)  Section 2307.383(A)(3) does not provide a ground for the assertion of personal jurisdiction over Andros et Cie.

4.    **Andros et Cie Has Not Caused Tortious Injury in Ohio by an Act or Omission Outside the State.**

Parroting the language of § 2307.382(A)(4), Smucker conclusorily alleges that the named defendants have "committed tortious acts without the State of Ohio causing injury to persons or property within the State of Ohio and this District and either regularly do or solicit business, engage in other persistent course of conduct, or derive substantial revenue from goods used or consumed or services rendered in the State of Ohio and this District."   (First Amended Complaint ¶ 9)   Copying the words of the statute without supplying the slightest bit of supporting facts is patently insufficient.

Smucker does not identify any tortious conduct committed by the named defendants (or Andros et Cie), nor any injury that it supposedly suffered as a result of their conduct.[12]  Smucker likewise does not make any effort to show how its declaratory judgment claims against the named defendants might have arisen from any conduct by them (much less, by Andros et Cie). And factually, Andros et Cie is a non-operating holding company that does not regularly do or solicit business in Ohio, engage in any other persistent course of conduct in Ohio, or derive substantial revenue from goods used or consumed or services rendered in the State of Ohio.  (*See* 4-5 above)   In short, Smucker has not carried its burden of showing jurisdiction under § 2307.382(A)(4).

B.    **Andros et Cie Lacks Minimum Contacts with the State of Ohio.**

"The Sixth Circuit has interpreted the 'minimum contacts' test to require:  1) that the defendant 'purposefully avails' himself of the privilege of acting in the forum state; 2) that the cause of action arise from the defendant's activities in the forum state; and 3) that the activities

---

[12] There are, for example, "no allegations that sales in this District were halted, that contracts were lost in this District, or anything else." *Adams Golf, Inc.,* 2010 WL 2382596 at *5.

of the defendant be substantial enough in the forum state to make the exercise of jurisdiction reasonable." *Verulux, LTC,* 2010 WL 1795888 at *5 (citation omitted); *see also Hitachi Medical Systems America, Inc.*, 2011 WL 711568 at *6-7.  The three criteria are independent so that "failure to meet any one of the three means that personal jurisdiction may not be invoked." *Tradesmen Group, Inc. v. Cecil*, 2010 WL 1957689, *3 (S.D. Ohio May 14, 2010).

It is also abundantly well settled that a defendant's communications with the plaintiff in the forum to cease and desist do not constitute sufficient minimum contacts to support the assertion of personal jurisdiction over the defendant.  *Genetic Implant Systems, Inc. v. Core-Vent Corp.*, 123 F.3d 1455 (Fed. Cir. 1997) (sending "infringement letters, without more activity in a forum state, is not sufficient to satisfy the requirements of due process); *Verulux, LTC,* 2010 WL 1795888, at *6 ("'the use of interstate facilities such as the telephone and mail is a secondary or ancillary factor and cannot alone provide the minimum contacts required by due process'") (citation omitted); *see also Big Lots Stores, Inc. v. Sorensen Research and Development Trust*, 2009 WL 4547599, * 4-5 (S.D. Ohio Dec. 2, 2009).

Andros et Cie does not have sufficient minimum contacts with the State of Ohio to satisfy the Due Process requirements for the assertion of personal jurisdiction.  There is no evidence that Andros et Cie has a substantial, or indeed any, connection with the State of Ohio.[13]  Andros et Cie has no presence in Ohio, and does not sell goods or services here.  (*See* 4-5 above)  The cease and desist letters Andros Foods sent to Smucker on behalf of Andros S.N.C. (not Andros et Cie) were sent to Ohio merely because of the essentially random fact that that is where Smucker happens to be located.  *Verulux, LTC,* 2010 WL 1795888 at *6. As well, Andros et Cie is not a

---

[13] "The 'purposeful availment' requirement is satisfied when the defendant's contacts create a 'substantial connection' with the forum state such that the defendant 'should reasonably anticipate being haled into court there.'" *Verulux, LTC. v. Johnston*, 2010 WL 1795888, *5 (N.D. Ohio May 5, 2010)

party to the 1984 Agreement, and even if it were, that would not be sufficient to establish minimum contacts.  *Shook, Inc. Heavy & Environmental Div.*, 2010 WL 761947, *6.  This prong of the Sixth Circuit's test for minimum contacts fails.

And even if Andros et Cie was, contrary to fact, found to have a substantial connection with Ohio, Smucker's declaratory judgment claims here doe not arise from those contacts.  "As to the 'arising from' requirement, the Sixth Circuit has said that '[i]f a defendant's contacts with the forum state are related to the operative facts of the controversy, then an action will be deemed to have arisen from those contacts.'"  *Verulux, LTC,* 2010 WL 1795888 at *7.  The operative facts here concern whether Smucker's sale of its Orchard's Finest preserve infringe the Bonne Maman trade dress, and whether the 1984 Agreement remains valid and enforceable despite Smucker's sale of the Orchard's Finest product.  These facts concern Smucker's conduct, and are not related to Andros et Cie's non-existent contacts with the State of Ohio.

Finally, it would be unreasonable to require Andros et Cie to respond to Smucker's declaratory judgment claims in this Court in light of the failure of the other two prongs of the Sixth Circuit's minimum contacts test.  Andros et Cie does not have any connection with the State of Ohio.  Indeed, the only connection between this action and the State of Ohio is the happenstance that Smucker maintains its headquarters here (although Smucker also has facilities throughout the United States (First Amended Complaint ¶ 2)).  Moreover, the New York Action (*see* fn.1 above) is pending between Smucker and Andros S.N.C. (the proper party), in which all parties can obtain complete relief.  It would simply be unreasonable to seek to assert jurisdiction over Andros et Cie here.

**CONCLUSION**

For all the foregoing reasons, non-party Andros et Cie respectfully submits that the summons served on it should be quashed, the First Amended Complaint against the non-existent "Andros Group" should be dismissed with prejudice, and the Court should award such further relief as the Court deems just and proper.

Dated: October 11, 2011,

/s/ Richard L. Crisona
Jeffrey A. Schwab (*admitted pro hac vice*)
Richard L. Crisona (*admitted pro hac vice*)
ABELMAN, FRAYNE & SCHWAB
666 Third Avenue
New York, New York 10017
Telephone:  (212) 949-9022
Facsimile:  (212) 949-9190
Email: jaschwab@lawabel.com
         rlcrisona@lawabel.com

and

Joseph R. Dreitler   (0012241)
Mary R. True         (0046880)
Trial Attorneys
BRICKER & ECKLER LLP
100 South Third Street
Columbus, Ohio 43215-4219
Telephone: (614) 227-2343
Facsimile: (614) 227-4291
Email: jdreitler@bricker.com
         mtrue@bricker.com

*Attorneys for Non-Party*
*Andros et Cie S.A.S.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on the 11th day of October, 2011, a copy of the foregoing Memorandum of Law of Non-Party Andros et Cie S.A.S  in Support of Its Motion to Quash and to Dismiss the Complaint, and the Declaration of Serge Lanskoy dated October 11, 2011 were filed with the Clerk of Court electronically.  Notice of this filing will be sent to all registered parties by operation of the Court's CM/ECF system.

/s/ Vanessa Petti