**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| THE J.M. SMUCKER COMPANY, | CASE NO. 5:11CV1544 |
| Plaintiff, | JUDGE JOHN R. ADAMS |
| v. | MAGISTRATE JUDGE GEORGE J. LIMBERT |
| ANDROS S.N.C., | **Jury Trial Demanded** |
| Defendant. | |

## ANSWER TO SECOND AMENDED COMPLAINT AND COUNTERLCLAIM

Defendant Andros S.N.C. ("Andros"), by its undersigned attorneys, states for its Answer to Second Amended Complaint and Counterclaim, upon knowledge with respect to its own acts and upon information and belief with respect to all other matters, as follows:

1. Andros admits that paragraph 1 purports to describe the claims for relief asserted in the Second Amended Complaint and the relief sought, and denies the remaining allegations in paragraph 1.

2. Andros lacks knowledge or information sufficient to form a belief as to Smucker's corporate organization as alleged in paragraph 2, and admits the remaining allegations in paragraph 2.

3.      In response to paragraph 3, Andros states that it is a Société en Nom Collectif, which is similar to, although not the same as, a general partnership under United States law, and admits the remaining allegations in paragraph 3.

4.      Andros admits the allegations in paragraph 4.

5.      For purposes of this action only, Andros denies the first sentence in paragraph 5, but admits that Andros indirectly derives a financial benefit from commercial activities in the State of Ohio.

6.      Andros admits that it is the assignee of all of the legal rights and interests of S.A. Andros under the 1984 Agreement as alleged in paragraph 6, and respectfully refers the Court to the 1984 Agreement for its full contents.

7.      In response to paragraph 7, Andros admits that the Court has subject matter jurisdiction over this action.

8.      Andros admits the allegations in paragraph 8.

9.      Andros admits that it is subject to this Court's personal jurisdiction for purposes of this action only, and denies the remaining allegations in paragraph 9.

10.     Andros admits that it is subject to this Court's personal jurisdiction for purposes of this action only, and denies the remaining allegations in paragraph 10.

11.     Andros admits that it is subject to this Court's personal jurisdiction for purposes of this action only, and denies the remaining allegations in paragraph 11.

12.     Andros admits that venue is proper in this judicial district and denies the remaining allegations in paragraph 12.

13.     Andros admits that Smucker is a leading marketer and manufacturer of fruit spreads in the United States, and states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 13.

14.     Andros states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 14.

15.     Andros states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 15.

16.     Andros states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 16.

17.     Andros states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 17.

18.     Andros states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 18.

19.     Andros states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 19.

20.     Andros admits that Smucker purports to own U.S. Trademark Registration Nos. 0,506,885, 0,753,791, 0,890,992 and 1,557,017, and states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 20.

21.     Andros admits that Smucker purports to own U.S. Trademark Registration No. 1,409,640, and states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 21.

22.     Andros admits that Smucker purports to own U.S. Trademark Registration No. 1,1149,068, and states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 22.

23.     Andros denies that the Gingham Mark (as defined in paragraph 22 in the Second Amended Complaint) "is synonymous with Smucker in the minds of consumers," and states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 23.

24.     Andros states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 24.

25.     Andros states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 25.

26.     Andros states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 26.

27.     Andros admits that Smucker purports to own U.S. Trademark Registration No. 3,734,847, and denies the remaining allegations in paragraph 27.

28.     Andros admits that paragraph 28 purports to show representative images of Smucker's Orchard's Finest Preserves, and denies the remaining allegations in paragraph 28.

29.     In response to paragraph 29, Andros admits that Exhibit F shows a true and correct copy of the 1984 Agreement, and respectfully refers the Court to the 1984 Agreement for its full contents.

30.     In response to paragraph 30, Andros states that it is subsidiary of Andros et Cie, a privately held French company with facilities located in various countries around the world.

- 4 -

31.     Andros states that it has provided its subsidiary Andros Foods USA, Inc. ("Andros Foods") with whatever rights are necessary under the 1984 Agreement to conduct its business in the United States, and denies the remaining allegations in paragraph 31.

32.     Andros admits that preserves and jellies bearing the "Bonne Maman" trademark manufactured by Andros are distributed in the United States, and denies the remaining allegations in paragraph 32.

33.     Andros admits that paragraph 33 accurately describes certain characteristics of the packaging in which Andros' Bonne Maman-branded preserves and jellies are sold in the United States and that the front face of a jar of Bonne Maman-branded Apricot-Raspberry Preserves is accurately depicted, and denies the remaining allegations in paragraph 33.

34.     Andros admits the allegations in paragraph 34.

35.     In response to paragraph 35, Andros admits that Andros Foods USA, Inc.'s counsel sent a letter to Smucker on May 17, 2011 and that Exhibit G is a true and correct copy of that letter, and respectfully refers the Court to Exhibit G for the full contents of the letter.

36.     In response to paragraph 36, Andros admits that Smucker's counsel responded to the May 17 letter by return letter on June 10, 2011 and that Exhibit H is a true and correct copy of that letter, respectfully refers the Court to Exhibit H for the full contents of the letter, and states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations.

37.     In response to paragraph 37, Andros admits that counsel responded to the June 10 letter by return letter on June 22, 2011 and that Exhibit I is a true and correct copy of that letter, and respectfully refers the Court to Exhibit I for the full contents of the letter.

38.     In response to paragraph 38, Andros admits that Smucker's counsel responded to the June 22 letter by return letter on July 1 and that Exhibit J is a true and correct copy of that letter, and respectfully refers the Court to Exhibit J for the full contents of the letter.

39.     In response to paragraph 39, Andros admits that counsel responded to the July 1 letter by return letter on July 14 and that Exhibit K is a true and correct copy of that letter, and respectfully refers the Court to Exhibit K for the full contents of the letter.

40.     Andros admits the allegations in paragraph 40.

41.     Andros admits the allegations in paragraph 41.

42.     Andros admits the allegations in paragraph 42.

43.     Andros admits that paragraph 43 accurately quotes paragraph 2.a of the 1984 Agreement (without emphasis), and respectfully refers the Court to the 1984 Agreement for its full contents.

44.     In response to paragraph 44, Andros admits that it is the assignee of all the legal rights and interests of S.A. Andros under the 1984 Agreement.

45.     Andros denies the allegations in paragraph 45.

46.     In response to paragraph 46, Andros admits that the license granted in paragraph 2.a of the 1984 Agreement contains the provision quoted in paragraph 43, and respectfully refers the Court to the 1984 Agreement for its full contents.

47.     Andros denies the allegations in paragraph 47.

48.     In response to paragraph 48, Andros incorporates the foregoing admissions, denials and statements as though fully set forth herein.

49.     Andros denies the allegations in paragraph 49.

50.     Andros states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 50.

51.     Andros denies the allegations in paragraph 51.

52.     Andros denies that the letters referenced in paragraphs 35 to 39 make the asserted claims, but admits that its counterclaims assert Smucker's deliberate and willful infringement of the Bonne Maman Trade Dress.

53.     Andros admits the allegations in paragraph 53.

54.     Andros denies the allegations in paragraph 54.

55.     Andros denies the allegations in paragraph 55.

56.     Andros denies the allegations in paragraph 56.

57.     Andros admits the allegations in paragraph 57.

58.     Andros denies the allegations in paragraph 58.

59.     Andros denies the allegations in paragraph 59.

60.     In response to paragraph 60, Andros incorporates the foregoing admissions, denials and statements as though fully set forth herein.

61.     Andros denies the allegations in paragraph 61.

62.     Andros admits that the 1984 Agreement contains a license, and respectfully refers the Court to the 1984 Agreement for its full contents.

63.     Andros admits the allegations in paragraph 63.

64.     Andros denies the allegations in paragraph 64 in that the parties have an apparent difference about the meaning of one or more terms of the 1984 Agreement.

65.     In response to paragraph 65, Andros admits that it has alleged that Smucker has breached and violated the terms of the 1984 Agreement.

66.     Andros denies the allegations in paragraph 66.

67.     Andros denies the allegations in paragraph 67.

68.     In response to paragraph 68, Andros admits that it is the assignee of all the legal rights and interests of S.A. Andros under the 1984 Agreement.

69.     Andros denies the allegations in paragraph 69.

70.     In response to paragraph 70, Andros incorporates the foregoing admissions, denials and statements as though fully set forth herein.

71.     Andros admits the allegations in paragraph 71.

72.     In response to paragraph 72, Andros admits that it is the assignee of all the legal rights and interests of S.A. Andros under the 1984 Agreement.

73.     In response to paragraph 73, Andros admits that the 1984 Agreement contains a license, and respectfully refers the Court to the 1984 Agreement for its full contents.

74.     Andros denies the allegations in paragraph 74.

75.     Andros denies the allegations in paragraph 75.

76.     Andros denies the allegations in paragraph 76.

77.     Andros denies the allegations in paragraph 77.

<u>AFFIRMATIVE DEFENSES</u>

Andros states the following separate and distinct affirmative defenses to the allegations in the second amended complaint, without assuming the burden of proof where such burden is otherwise plaintiff's as a matter of applicable substantive and procedural law.

<u>FIRST AFFIRMATIVE DEFENSE</u>

The Second Amended Complaint fails to state any claim for which relief can be granted, and should be dismissed in its entirety under Fed. R. Civ. P. 12(b)(6).

### SECOND AFFIRMATIVE DEFENSE

Count III in the Second Amended Complaint is barred in whole or in part by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Count III in the Second Amended Complaint is barred in whole or in part by the doctrines of laches, waiver and estoppels.

### FOURTH AFFIRMATIVE DEFENSE

Count III in the Second Amended Complaint is barred in whole or in part by Smucker's own unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

Count III in the Second Amended Complaint is barred in whole or in part by Smucker's own prior breach of the 1984 Agreement.

### SIXTH AFFIRMATIVE DEFENSE

Smucker's claim for damages fails because Smucker has suffered no harm.

## COUNTERCLAIM

Counterclaim-Plaintiff ANDROS S.N.C. ("Andros") by and through its attorneys, ABELMAN, FRAYNE & SCHWAB, for their counterclaim against Counterclaim-Defendant THE J.M. SMUCKER COMPANY ("Smucker"), upon knowledge with respect to its own acts and upon information and belief with respect to all other matters, alleges as follows:

1.      This action arises from Smucker's sale of its premium Orchard's Finest preserves in trade dress that is confusingly similar to Andros' famous trade dress for its premium Bonne Maman[®] preserves and jellies in violation of state and federal law and in breach of the parties' 1984 Agreement (the "Agreement") dealing with their respective rights in a gingham design

trademark.  In particular, for more than thirty years, Andros has sold its premium Bonne Maman preserves and jellies in the United States packaged in a faceted jar with a spare white label bearing "Bonne Maman" in script writing, topped with a lid bearing the gingham trademark. Smucker's Orchard's Finest premium preserves, which, unlike the packaging for Smucker's popular-priced jams and jellies, is packaged in a faceted jar with a spare white label bearing "Orchard's Finest" in script writing, topped with a lid trimmed with the gingham trademark.

2.      Andros seeks injunctive relief and damages:  (1) for trade dress infringement and false designation of origin under 15 U.S.C. § 1125(a); (2) for dilution of the distinctive quality of its unique and distinctive trade dress under Ohio common law; (3) for engaging in deceptive trade practices in violation of O.R.C. § 4165.02; (4) for related pendent acts of unfair competition; and (5) for material breach of contract.

**JURISDICTION AND VENUE**

3.      This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1125(a) (Lanham Act), 28 U.S.C. § 1331 (federal question) and § 1338 (patent, trademark and copyright), and pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).  Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) in that Smucker commenced this action in this District, Smucker sells its infringing Orchard's Finest preserves in this District, and a substantial part of the events or omissions giving rise to the claim occurred in this District.

**THE PARTIES**

4.      Plaintiff Andros S.N.C. is the owner of numerous worldwide trademarks for "Bonne Maman" and the related trade dress for goods bearing the "Bonne Maman" mark, including U.S. Reg. No. 1,308,179 for "Bonne Maman," U.S. Reg. No. 2,078,172 and U.S. Reg. No. 3,866,242 for the distinctive faceted jar in which the Bonne Maman preserves and jellies are

- 10 -

packaged.    Andros  and  its  affiliated  companies  collectively  are  the  global  leader  in  fruit processing, selling in more than 100 countries within the retail, food service, fast food, catering and industrial sectors.   Andros is based in southwest France and currently owns and operates more than 25 factories worldwide.   Its four main product categories include: processed fruits, dairy products, frozen desserts and confectionery.   Its most renowned brand is Bonne Maman. Andros distributes its Bonne Maman preserves and jellies in the U.S. through two independent distributors.

5.    Defendant The J.M. Smucker Company is a publicly-traded New York Stock Exchange listed company with more than 300,000 shareholders holding more that 100,000,000 outstanding shares.   Smucker is a manufacturer of diversified food products, based in Orrville, Ohio.   Smucker is one of the leading producers of popularly priced jams and jellies in the U.S. under its "SMUCKER'S" brand, and apparently distributes its products mainly through mass-market grocery stores.

## FACTS COMMON TO ALL CLAIMS

Andros' Bonne Maman Trade Dress

6.    Andros has for decades used in the U.S. a distinctive red and white gingham design of on the lids of its preserve and jelly jars and in connection with other promotional materials for the Bonne Maman brand.   An image of a Bonne Maman jar of preserves with the gingham design lid is shown below.



7.    The Bonne Maman Trade Dress comprises at least the distinctive faceted jar (for which Andros has a federal registration), the spare white label with the script writing, and the gingham design on the jar lid, which is used virtually exclusively on preserves and jellies by Andros (on its premium products) and by Smucker (on its popularly priced products, before it began its infringement).

8.    Since first introducing its Bonne Maman preserves and jellies in the United States, Andros has expended significant sums on the promotion and advertising of these products in order to establish and maintain the trade's and public's awareness and recognition of Andros' trade dress in its Bonne Maman preserves and jellies sold in the Bonne Maman Trade Dress, and to develop an association in the public's and trade's mind between Andros' trade dress and its products.

9.    Long before Smucker began its infringing acts, as the result of the promotion and sale of goods identified by the Bonne Maman Trade Dress and of the high quality of goods offered in connection with the Bonne Maman Trade Dress, that trade dress and the products related to them became recognized by the trade and consumers as originating from and being associated only with Andros.  Andros' Bonne Maman brands of preserves and jellies are strongly recognized by consumers of premium preserves and jellies.

10.     As a direct result of Andros' use of the Bonne Maman Trade Dress, the unique and distinctive Bonne Maman Trade Dress is well-known, famous, are associated by the trade and public with Andros, and represent a business and goodwill of significant and inestimable value to it.

<u>The Genesis of the Parties 1984 Agreement</u>

11.     An independent distributor began distributing Andros' premium Bonne Maman preserves and jellies with the gingham design lids in the U.S. no later than 1975.  These products were initially distributed through specialty or gourmet food shops, but in the early 1980's, Andros began an effort to distribute its preserves and jellies through mass-market grocery stores as well.

12.     In 1978, Smucker introduced a lid for its mass-market jams and jellies bearing the same gingham design as was on the Andros lid.  Smucker continues to use the gingham design, an example of which is shown below, on its mass-market jams and jellies.



13.     On April 24, 1978, Smucker applied to register the gingham design as a trademark for:  (1) "Food Syrups of Various Flavors-Namely, Fruit, Chocolate, Caramel, Butterscotch; Sauces or Toppings for Ice Cream and Cakes-Namely, Chocolate Fudge, Chocolate Syrup, Caramel Syrup, Butterscotch Syrup & Fruit Flavored Sauces," and (2) "Fruit

Preserves, Jellies, Jams, Marmalade, Apple Butter, Peanut Butter, & Pickles."  As to the first group of goods, Smucker claimed first use in commerce as of April 14, 1978, and as to the second group of goods, Smucker claimed first use in commerce as of May 1, 1975.  Smucker apparently obtained the right to claim the earlier use for the second group of goods by buying rights from R-Line Foods, Inc.  Smucker's application matured into U.S. Trademark Reg. No. 1,149,068 on March 24, 1981.

14.     Andros and Smucker engaged in some correspondence about their overlapping use of the gingham design when Smucker first began using it in 1978.  Since the parties at that time distributed their products through different channels of trade (with Andros selling it premium preserves and jellies through specialty stores and Smucker's selling it popularly priced products through mass-market grocery stores), neither party apparently wanted to try to assert superior trademark rights as against the other.  As Andros began its effort to enter mass-market grocery stores in the 1980's, however, Smucker raised the matter more urgently.

15.     The parties then engaged in extensive discussions about an agreement that might allow their continued use of the gingham design in the U.S. without conflict.  These negotiations culminated in the February 16, 1984 Agreement between Smucker and S.A. Andros, a copy of which is attached as Exhibit A.  Andros is the assignee of all the legal rights and interests of S.A. Andros under the 1984 Agreement.  The parties have operated under the Agreement since its inception in 1984 without substantial conflict until Smucker's recent breach with its Orchard's Finest products.

The Pertinent Terms of the Agreement

16.     The Agreement is structured nominally as a license from Smucker to Andros to use the gingham design on specified products under certain terms and conditions, as follows:

a.  the "Mark" that is the subject of the Agreement is limited to the "gingham cloth design trademark . . . for which Mark Smucker is the owner of a United States Trademark Registration No. 1,149,068";

b.  Andros assigned to Smucker "all of its right, title and interest in the Mark and any commercially identical design both within and without the United States and any goodwill associated therewith";

c.  the Agreement expresses the parties' desire that "Smucker and Andros be unhampered in their use of the Mark outside of the United States";

d.  Smucker licensed Andros to use the Mark "on jar and container lids, as well as on cloth, paper or accessory materials used by Andros for the wrapping, decorating or covering of jars and containers of product" under certain conditions:

    i.  Andros could continue to import into the U.S. the products using the Mark that were being sold by Andros in the U.S. at the time of the Agreement, so long as the products were manufactured outside the U.S., and so long as the products also "prominently" bore the "Bonne Maman" name; and

    ii.  Andros could manufacture and sell products using the Mark outside the U.S. without restriction;

e.  Andros agreed to "maintain the present high quality of the products with which the Mark is used," and the Agreement "reserve[d] to Smucker the right to satisfy itself of the maintenance of the present high quality of Andros' products" by having Andros "submit to Smucker for evaluation samples of any product designated by Smucker";

- 15 -

f.      Smucker and Andros both agreed that, other than a pre-existing license, they "will not license others to use the Mark for any jars of preserves, jellies, jams honey, mustard or other products presently produced by Andros or by Smucker, unless such products are also identified by the registered trademark 'Smucker's' or the name 'Bonne Maman'";

g.      The parties agreed that "[e]xcept as expressly provided herein, neither Andros nor Smucker will take any action that creates a likelihood of confusion as to the source of the products manufactured and sold by one and products manufactured and sold by the other";

h.      Smucker agreed that "Smucker's use of the Mark in Europe shall only be with respect to products manufactured by Smucker outside of Europe";

i.      Smucker was given the right to terminate the Agreement if Andros ceases to distribute products using the Mark in the U.S.; and

j.      Smucker agreed that if it discontinued its use of the Mark "it will transfer all its right, title and interest in and to the Mark to Andros for $1.50 and other good and valuable consideration."

17.     Since the 1984 Agreement was intended to facilitate the use of the identical mark by two independent, competing parties, it necessarily contemplated that the same mark would not be used on identical goods.  Thus, the Agreement's plain intent was to reserve to Andros use of the gingham mark on premium preserves and jellies, and provide for Smucker's use of the mark on its popularly priced products.  The parties respected each other's use in these market segments for some twenty-five years, until Smucker introduced its Orchard's Finest preserves.

18.     Construing the Agreement as Smucker would to permit Smucker's use of the gingham mark on a premium product would mean that the Agreement contemplates that Smucker and Andros would use the identical gingham design mark on identical goods ("jams, jellies, preserves and other food products") in the U.S.  Such an agreement would be contrary to settled trademark law, and thus could not have been contemplated by the parties.

<u>Smucker's Infringing Orchard's Finest Products</u>

19.     After decades of the parties scrupulously maintaining the sales of their products bearing the gingham mark in their respective market segments – premium products for Andros, and popularly priced products for Smucker – Smucker introduced its Orchard's Finest premium preserves.  The Orchard's Finest trade dress, shown below, is deliberately evocative of Andros' trade dress for its Bonne Maman products.



20.     In addition to the use of the gingham design, there are a number of similarities between the Bonne Maman packaging as it has existed for many years and the packaging for Orchard's Finest preserves.  For example, unlike the jars for Smucker's other preserves and jellies – but like the Bonne Maman jar – the jar for the Orchard's Finest preserves is squatter, with a larger diameter, and has angular facets. Also unlike Smucker's other jars – but like the Bonne Maman jar – the label for the Orchard's Finest preserves is relatively spare and colorless, with script text against a white background.  The use of the "Smucker's" house mark on the

Orchard's Finest jars lacks color and is visually less prominent than on the jars for other Smucker's preserves and jellies.  In short, it appears that Smucker's created the Orchard's Finest trade dress with an intent to target the trade dress for the well-known Bonne Maman preserves.

21.    In contrast to the other premium products, both the Smucker's Orchard's Finest and Bonne Maman products have a gingham lid, are packaged in relatively squat, faceted jars, and have predominantly spare white labels with black script lettering.  The similarity of the overall appearance of the trade dress of the products far outweighs the minor differences in the individual elements.  None of the trade dress for the other premium products of which the parties are aware has the same combination of elements as the Smucker's Orchards Finest and Bonne Maman products.

22.    The manner in which the parties' goods are displayed in retail stores heightens the possibility of confusion.  In some retail stores at least, the Smucker's Orchard's Finest preserves are placed immediately next to the Bonne Maman preserves on the store shelf, greatly heightening the potential for likely confusion in attracting prospective Bonne Maman purchasers to the Orchard's Finest product.

23.    Smucker specifically contracted in the Agreement not to take any action that creates a likelihood of confusion with Andros' products.  The trade dress for the Orchard's Finest product materially breaches that undertaking.

24.    Andros has been damaged by Smucker's conduct, and will continue to be irreparably so unless Smucker is enjoined.

**FIRST CLAIM**
**TRADE DRESS INFRINGEMENT**
**(Violations of the Lanham Act, 15 U.S.C. § 1125(a))**

25.    Andros realleges and incorporates by reference paragraphs 1-24.

26.    Andros has established rights in the Bonne Maman Trade Dress.

27.     In connection with their sale, marketing and distribution of the Orchard's Finest preserves, Smucker uses Andros's Bonne Maman trade dress to promote its business, thereby infringing the Bonne Maman Trade Dress.

28.     Smucker's actions constitute use in interstate commerce of a false designation of origin, false or misleading description of fact, or false or misleading representation of fact that is likely to cause confusion or mistake, or to deceive as to the affiliation, connection, or association of the goods and services with Andros, or as to the origin, sponsorship, or approval of the goods and services provided by Smucker in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

29.     Smucker knew or should have known of Andros's rights, and Smucker's infringement has been knowing, willful, and deliberate, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

30.     The infringing acts alleged above have a foreseeable effect on U.S. commerce.

31.      Andros has been and continues to be damaged by Smucker's wrongful acts in a manner that cannot be fully measured or compensated in economic terms, and Andros has no adequate remedy at law.  Smucker's acts have damaged, and threaten to continue to damage, Andros's reputation and goodwill.

32.     Smucker's infringement will continue unless enjoined by the Court.

**SECOND CLAIM FOR RELIEF**
**DILUTION UNDER OHIO COMMON LAW**

33.     Andros realleges and incorporates by reference paragraphs 1-32.

34.     The Bonne Maman Trade Dress is distinctive and has acquired secondary meaning in the marketplace, and is strong and famous as applied to preserves and jellies.

- 19 -

35.     The use of the Bonne Maman Trade Dress and other conduct by Smucker as set forth above has reduced the selling power of the Bonne Maman Trade Dress, and diminished the ability of the Bonne Maman Trade Dress to serve as a source of product identifiers.

36.     The use of the Bonne Maman Trade Dress and other conduct by Smucker has tarnished and reduced the reputation and standing of the Bonne Maman Trade Dress in the eyes of consumers as identifiers of Andros's products.

37.     Smucker's conduct violates Ohio common law against dilution.

38.     As a direct and proximate result of Smucker's willful and wanton actions and conduct, Andros's business reputation and goodwill associated the Bonne Maman Trade Dress have been tarnished and the favorable associations of the Bonne Maman Trade Dress have been damaged.

39.     As a direct and proximate result of Smucker's willful and wanton actions and conduct, Andros has been injured and will continue to suffer irreparable injury to its business and reputation unless Smucker is restrained by this Court from diluting the distinctive quality and value of the Bonne Maman Trade Dress, and by other wrongful acts as set out above.  Andros has no adequate remedy at law.

40.     Smucker's business practices alleged above are unfair and offend public policy as they are unscrupulous, and substantially injurious to Andros and to consumers.

### THIRD CLAIM
### UNFAIR COMPETITION UNDER OHIO COMMON LAW

41.     Andros realleges and incorporates by reference paragraphs 1-40.

42.     Smucker has unfairly and in bad faith exploited the Bonne Maman Trade Dress for its own commercial advantage in order to try to gain customers that should have been Andros's customers.

- 20 -

43.     Andros has been harmed and damaged by Smucker's unfair competition.

44.     In engaging in unfair competition with Andros, Smucker acted willfully, wantonly, recklessly and with callous disregard for the rights of Andros entitling Andros to an award of punitive damages.

45.     Smucker's acts complained of in this Complaint have greatly damaged Andros and, unless restrained and enjoined, will continue to damage Andros.  Andros has no adequate remedy at law.

### FOURTH CLAIM FOR RELIEF
### DECEPTIVE TRADE PRACTICES
### (O.R.C. § 4165.02)

46.     Andros realleges and incorporates by reference paragraphs 1 to 45.

47.     By reason of the acts and practices set forth above, Smucker has caused the likelihood of confusion or misunderstanding as to the source, sponsorship or approval of its Orchard's Finest preserves and acted otherwise in violation of O.R.C. § 4165.02.

48.     The public is likely to be damaged as a result of the deceptive trade practices or acts engaged in by the Smucker.

49.     Unless enjoined by the Court, Smucker will continue said deceptive trade practices or acts, thereby deceiving the public and causing immediate and irreparable damage to Andros.  Andros has no adequate remedy at law.

### FIFTH CLAIM
### BREACH OF CONTRACT

50.     Andros realleges and incorporates by reference paragraphs 1 to 49.

51.     The Agreement is a valid contract between Andros and Smucker.

52.     Andros fully performed its obligations under the Agreement.

53.    Smucker has materially breached the Agreement by engaging in the conduct alleged above.

54.    Andros has been damaged in an amount to be determined at trial as a result of Smucker's breach of the Agreement.

55.    Smucker's breach of the Agreement threatens Andros with irreparable injury, and Andros thus has no adequate remedy in law.

### PRAYER FOR RELIEF

**WHEREFORE**, Andros prays the Court to enter judgment against plaintiff as follows:

1.    Dismissing the Second Amended Complaint, with prejudice, and that the Prayer for Relief contained therein be denied in its entirety;

2.    Awarding compensatory damages, including consequential and incidental damages, in an amount to be proved at trial;

3.    Awarding enhanced damages or profits, whichever is proved greater, pursuant to section 35 of the Lanham Act, 15 U.S.C. § 1117, and as otherwise provided by law;

4.    Awarding attorneys' fees and costs;

5.    Awarding prejudgment and post judgment interest at the maximum rate allowed by law;

6.    Granting an accounting and an award to Andros of Smucker's profits, gains, or unjust enrichment in an amount to be proved at trial;

7.    Granting an accounting of all Smucker's receipts and disbursements, profit and loss statements, and other financial materials, statements, and books relating to Smucker's unauthorized distribution, marketing or sale of any Andros product;

8.    Granting a preliminary and permanent injunction pursuant to 15 U.S.C. § 1116 enjoining Smucker, its agents, servants, and employees, and all those in active concert or participation with Smucker, from:

a.    using, or inducing or enabling others to use, any reproduction, counterfeit, copy, or colorable imitation of the Bonne Maman Trade Dress in any manner in connection with the manufacture, printing, distribution, advertising, offering for sale or sale of any goods or merchandise;

b.    using, or inducing or enabling others to use, the Bonne Maman Trade Dress or any reproduction, counterfeit, copy, or colorable imitation of said marks in any manner likely to cause others falsely to believe that Smucker's products are connected with Andros or legitimate Andros products bearing the Bonne Maman Trade Dress when they are not;

c.    importing, exporting, shipping, delivering, distributing, transferring, returning, holding for sale, destroying, or otherwise moving, storing or disposing of any item or product bearing or used to reproduce any unauthorized reproduction, counterfeit, copy or colorable imitation of the Bonne Maman Trade Dress;

d.    unfairly competing with Andros.

9.    Granting an Order pursuant to 15 U.S.C. § 1116 providing for the seizure, impoundment, and destruction of all unauthorized Andros products within Smucker's custody, possession or control;

10.    Granting an Order requiring Smucker to file with the Court and serve upon Andros within ten (10) days after the issuance of any injunction a written report, under oath,

setting forth in detail the manner and form in which Smucker have complied with the injunction; and

11.    Granting Andros such other and further relief as it may deem just and proper.

### JURY TRIAL DEMAND

Andros respectfully requests a trial by jury on all issues triable thereby.

Dated:  April 16, 2012

By:

_/s/ Richard L. Crisona_
Jeffrey A. Schwab (*admitted pro hac vice*)
jaschwab@lawabel.com
Richard L. Crisona (*admitted pro hac vice*)
rlcrisona@lawabel.com
ABELMAN, FRAYNE & SCHWAB
666 Third Avenue
New York, New York 10017
Telephone:    (212) 949-9022
Facsimile:    (212) 949-9190

and

Joseph R. Dreitler   (0012241)
jdreitler@ustrademarklawyer.com
Mary R. True        (0046880)
mtrue@ustrademarklawyer.com
Trial Attorneys
DREITLER TRUE LLC
137 E. State Street
Suite 101
Columbus, Ohio  43215
Telephone:  (614) 545-6354
Email:

*Attorneys for Andros S.N.C.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2012, a copy of the foregoing ANSWER TO SECOND AMENDED COMPLAINT AND COUNTERLCLAIM was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

/s/ Richard L. Crisona
One of the Attorneys for Defendant