**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| THE J.M. SMUCKER COMPANY,<br><br>    Plaintiff,<br><br>  vs.<br><br>ANDROS S.N.C.,<br><br>    Defendant. | CASE NO.  5:11CV1544<br><br>JUDGE JOHN R. ADAMS<br><br>MAGISTRATE JUDGE GEORGE J. LIMBERT<br><br>**PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIMS** |

  Plaintiff, The J.M. Smucker Company ("Smucker"), for its Answer to Defendant Andros S.N.C.'s Counterclaims, states and alleges as follows:

  1. Smucker denies the allegations in paragraph 1 of Defendant's Counterclaims.

  2. Smucker admits that paragraph 2 of Defendant's Counterclaims purports to identify the claims for relief alleged and relief sought in Defendant's Counterclaims, and denies the remaining allegations in paragraph 2 of Defendant's Counterclaims

  3. Paragraph 3 of Defendant's Counterclaims states a legal conclusion for which no response is required.  To the extent any response is required, Smucker admits that this Court has jurisdiction over the claims for relief alleged in Defendant's Counterclaims and that venue in this

district is proper, and denies the remaining allegations in paragraph 3 of Defendant's Counterclaims.

4. Smucker lacks sufficient information to admit or deny the allegations in paragraph 4 of Defendant's Counterclaims, and therefore denies the same.

5. Smucker admits that it is a publicly-trade New York Stock Exchange listed company with more than 300,000 shareholders holding more than 100,000,000 outstanding shares. Smucker admits that it is a manufacturer of diversified food products, based in Orrville, Ohio. Smucker admits that it is one of the leading producers of jams and jellies in the U.S., including jams and jellies sold under its "SMUCKER'S" brand, and that it distributes its products through grocery stores and other channels. Smucker denies the remaining allegations in paragraph 5 of Defendant's Counterclaims.

6. Smucker states that it owns the rights to the Gingham Mark (as defined in paragraph 22 of Smucker's Second Amended Complaint (D.I. 38)) and that, under the 1984 Agreement (as defined in paragraph 1 of Smucker's Second Amended Complaint) and as set forth therein, Smucker granted Andros a license to use the Gingham Mark in the United States. Smucker lacks sufficient information to admit or deny the remaining allegations of paragraph 6 of Defendant's Counterclaims, and therefore denies the same.

7. Smucker admits that it uses the Gingham Mark on jar lids for jams, jellies, preserves, and other fruit spreads, peanut butter, and other food and beverage products. Smucker denies that it is infringing any rights of Andros. Smucker lacks sufficient information to admit or deny the remaining allegations of paragraph 7 of Defendant's Counterclaims, and therefore denies the same.

8. Smucker lacks sufficient information to admit or deny the allegations of paragraph 8 of Defendant's Counterclaims, and therefore denies the same.

9. Smucker denies that it is infringing any rights of Andros or engaging in any "infringing acts." Smucker lacks sufficient information to admit or deny the remaining allegations of paragraph 9 of Defendant's Counterclaims, and therefore denies the same.

10. Smucker lacks sufficient information to admit or deny the allegations of paragraph 10 of Defendant's Counterclaims, and therefore denies the same.

11. Smucker lacks sufficient information to admit or deny the allegations of paragraph 11 of Defendant's Counterclaims, and therefore denies the same.

12. Smucker admits that it began using the Gingham Mark on jar lids for jams, jellies, preserves, and other fruit spreads, among other products, in 1978. Smucker admits that it continues to use the Gingham Mark. Smucker denies the remaining allegations in paragraph 12 of Defendant's Counterclaims.

13. Smucker admits that it filed an application with the U.S. Patent and Trademark Office on April 24, 1978 to register the Gingham Mark. Smucker admits that its application matured into U.S. Trademark Registration No. 1,149,068 on March 24, 1981. Smucker denies the remaining allegations in paragraph 13 of Defendant's Counterclaims.

14. Smucker lacks sufficient information to admit or deny the allegations of paragraph 14 of Defendant's Counterclaims, and therefore denies the same.

15. Smucker admits that, in 1984, after extensive negotiation, Smucker and S. A. Andros entered into an agreement dated February 16, 1984. Smucker states that a true and correct copy of the 1984 Agreement is attached to Smucker's Second Amended Complaint as

Exhibit F. The 1984 Agreement is unambiguous and speaks for itself. Smucker denies the remaining allegations in paragraph 15 of Defendant's Counterclaims.

16. Smucker states that Smucker granted Andros a license to use the Gingham Mark in the United States, as further described in the 1984 Agreement, and that a true and correct copy of the 1984 Agreement is attached to Smucker's Second Amended Complaint as Exhibit F. The terms of the 1984 Agreement are unambiguous and speak for themselves. Smucker denies the remaining allegations in paragraph 16 of Defendant's Counterclaims.

17. Smucker denies the allegations in paragraph 17 of Defendant's Counterclaims.

18. Smucker denies the allegations in paragraph 18 of Defendant's Counterclaims.

19. Smucker denies the allegations in paragraph 19 of Defendant's Counterclaims.

20. Smucker denies the allegations in paragraph 20 of Defendant's Counterclaims.

21. Smucker lacks sufficient information to admit or deny the allegations of paragraph 21 of Defendant's Counterclaims, and therefore denies the same.

22. Smucker lacks sufficient information to admit or deny the allegations of paragraph 22 of Defendant's Counterclaims as to the placement of the parties' goods on store shelves, and therefore denies the same. Smucker denies the remaining allegations in paragraph 22 of Defendant's Counterclaims.

23. Smucker admits that paragraph 3 of the 1984 Agreement provides that, "[e]xcept as expressly provided herein, neither Andros nor Smucker will take any action that creates a likelihood of confusion among consumers as to the source of the products manufactured and sold by one and products manufactured and sold by the other (under their respective own labels or for private label customers)." Smucker denies the remaining allegations in paragraph 23 of Defendant's Counterclaims.

24. Smucker denies the allegations in paragraph 24 of Defendant's Counterclaims.

25. Smucker incorporates by reference its responses to paragraphs 1-24 of Defendant's Counterclaims as though fully set forth herein.

26. Smucker denies the allegations in paragraph 26 of Defendant's Counterclaims.

27. Smucker denies the allegations in paragraph 27 of Defendant's Counterclaims.

28. Smucker denies the allegations in paragraph 28 of Defendant's Counterclaims.

29. Smucker denies the allegations in paragraph 29 of Defendant's Counterclaims.

30. Smucker denies the allegations in paragraph 30 of Defendant's Counterclaims.

31. Smucker denies the allegations in paragraph 31 of Defendant's Counterclaims.

32. Smucker denies the allegations in paragraph 32 of Defendant's Counterclaims.

33. Smucker incorporates by reference its responses to paragraphs 1-32 of Defendant's Counterclaims as though fully set forth herein.

34. Smucker denies the allegations in paragraph 34 of Defendant's Counterclaims.

35. Smucker denies the allegations in paragraph 35 of Defendant's Counterclaims.

36. Smucker denies the allegations in paragraph 36 of Defendant's Counterclaims.

37. Smucker denies the allegations in paragraph 37 of Defendant's Counterclaims.

38. Smucker denies the allegations in paragraph 38 of Defendant's Counterclaims.

39. Smucker denies the allegations in paragraph 39 of Defendant's Counterclaims.

40. Smucker denies the allegations in paragraph 40 of Defendant's Counterclaims.

41. Smucker incorporates by reference its responses to paragraphs 1-40 of Defendant's Counterclaims as though fully set forth herein.

42. Smucker denies the allegations in paragraph 42 of Defendant's Counterclaims.

43. Smucker denies the allegations in paragraph 43 of Defendant's Counterclaims.

44. Smucker denies the allegations in paragraph 44 of Defendant's Counterclaims.

45. Smucker denies the allegations in paragraph 45 of Defendant's Counterclaims.

46. Smucker incorporates by reference its responses to paragraphs 1-45 of Defendant's Counterclaims as though fully set forth herein.

47. Smucker denies the allegations in paragraph 47 of Defendant's Counterclaims.

48. Smucker denies the allegations in paragraph 48 of Defendant's Counterclaims.

49. Smucker denies the allegations in paragraph 49 of Defendant's Counterclaims.

50. Smucker incorporates by reference its responses to paragraphs 1-49 of Defendant's Counterclaims as though fully set forth herein.

51. Smucker admits the allegations in paragraph 51 of Defendant's Counterclaims.

52. Smucker denies the allegations in paragraph 52 of Defendant's Counterclaims.

53. Smucker denies the allegations in paragraph 53 of Defendant's Counterclaims.

54. Smucker denies the allegations in paragraph 54 of Defendant's Counterclaims.

55. Smucker denies the allegations in paragraph 55 of Defendant's Counterclaims.

## **PRAYER FOR RELIEF**

Smucker denies that is liable to Defendant or that Defendant is entitled to a judgment against Smucker for any sum or sums whatsoever.  Specifically, Smucker denies all of the allegations set forth in paragraphs 1-11 of Defendant's Counterclaims under the section of Defendant's Counterclaims entitled "PRAYER FOR RELIEF," and denies that Defendant is entitled to any relief whatsoever.

## **AFFIRMATIVE DEFENSES**

Smucker, for its affirmative defenses, states as follows:

1. Defendant's Counterclaims fail to state a claim upon which relief can be granted.

2. Defendant's Counterclaims are barred by the doctrine of laches.

3. Defendant is estopped from pursuing Defendant's Counterclaims against Smucker.

4. Defendant has waived Defendant's Counterclaims against Smucker.

5. Defendant's Counterclaims are barred by the doctrine of acquiescence.

6. Defendant's Counterclaims are barred by the doctrine of unclean hands.

7. The Fifth Claim of Defendant's Counterclaims is barred by Defendant's own prior breach of the 1984 Agreement.

WHEREFORE, having fully answered Defendant's Counterclaims, Smucker prays that this Court deny all relief sought by Defendant, enter judgment in favor of Smucker and against Defendant on Defendant's Counterclaims, award Smucker its costs, attorneys' fees, and expenses, and grant Smucker such other and further relief as this Court deems just and proper.

Dated: May 10, 2012

*Of Counsel*:

Ashley H. Zito
azito@jonesday.com
JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309-3053
Telephone: (404) 581-8587
Facsimile: (404) 581-8330

Respectfully submitted,

*/s/ Angela R. Gott*
Timothy P. Fraelich (Ohio Bar No. 0062468)
tfraelich@jonesday.com
Angela R. Gott (Ohio Bar No. 0082198)
agott@jonesday.com
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone: (216) 586-3939
Facsimile: (216) 579-0212

*Attorneys for Plaintiff*
*The J.M. Smucker Company*

7

## CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2012, a copy of the foregoing PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIMS was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

*/s/ Angela R. Gott*
One of the Attorneys for Plaintiff